**In re JOHNSON COVER COMPANY, Debtor.**

**John APGAR, Plaintiff,**

**v.**

**SOUTH MAIN BANK, et al., Defendants.**

Bankruptcy No. 84–00717–H4–5.
Civ.A. No. H–88–2482.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 27, 1988.

James O'Donnell, Butler & Binion, Houston, Tex., for Johnson Cover Co.

Shelby A. Jordan, Brown, Jordan & Hyden, Corpus Christi, Tex., for John Apgar.

John C. Allen, Houston, Tex., for Donald G. Johnson.

## MEMORANDUM OF DISMISSAL OF APPEAL

HUGHES, District Judge.

The question on appeal is whether one defendant's filing of a motion to alter the judgment nullifies any other defendant's notice of appeal. Until the post-trial motions allowed by Rule 4 have been addressed, this court lacks jurisdiction to hear the appeal. At this time, the defendant's notice of appeal has no effect.

One of the defendants, Donald G. Johnson, filed a notice of appeal from a bankruptcy decision. The same day, two other defendants filed motions to alter the judgment under Rule 59. All of the motions were within the times allowed. The appeal was dismissed by this court because no briefs had been filed, and now Johnson moves for reconsideration of the dismissal order. Modification of the dismissal order will be granted.

This court must resolve whether the filing of a co-party's motion to alter the judgment converts another party's otherwise timely notice of appeal into a premature one. There are several post-judgment motions that, regardless of which party files them, must be disposed of before a notice of appeal is timely. Fed.R.App.P. 4(a)(4). *Harcon Barge Co., Inc. v. D & G Boat Rental, Inc.*, 784 F.2d 665, 667 (5th Cir.1986), (en banc) *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). Because the time for filing a notice of appeal runs from the denial of the post-trial motions in Rule 4, a notice of appeal filed before the disposition of the post-trial mo-

tions has no effect. Johnson's notice of appeal was premature.

A court on appeal cannot waive the defect of prematurity in a notice of appeal filed before the entry of an order disposing of the motions in Rule 4. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982). The requirement of a timely notice of appeal is jurisdictional. Until the post-trial motions allowed by Rule 4 have been decided, this court cannot hear the appeal. This rule is consistent with the theory that a trial court should be given every opportunity to address its suggested errors before they are brought to another court on appeal. The reasons supporting this rule are as cogent between the bankruptcy court and the district court as they are between the district court and the court of appeals.

In conclusion, this court lacks jurisdiction; the appeal will be dismissed.