898 F.2d 1
 In re PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, Debtor. (Two Cases)
Appeal of PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE.
Appeal of UNITED ILLUMINATING COMPANY, et al.
 Nos. 89-1947 to 89-1949.
 United States Court of Appeals,
First Circuit.
 Heard Feb. 6, 1990.
Decided March 1, 1990.
 
 John R. Harrington, with whom Warren C. Nighswander, Sulloway Hollis & Soden, Concord, N.H., and Stutman, Treister & Glatt, Los Angeles, Cal., were on brief, for appellant Public Service Co. of New Hampshire.
 Christopher T. Katucki with whom Daniel M. Glosband, Theodore Orson, and Goodwin, Procter & Hoar, Boston, Mass., were on brief, for appellants United Illuminating Co., New England Power Co., Montaup Elec. Co., EUA Power Corp., The Connecticut Light & Power Co. and Canal Elec. Co.
 Peter B. McGlynn with whom Owen R. O'Neill, Rosen, Crosson, McGlynn & Resnek, Boston, Mass., Nathan Paven, Quincy, Mass., and Nathan Paven & Associates, were on brief, for appellees Hudson Light and Power Dept. and Peabody Mun. Light Plant.
 Before BREYER, ALDRICH and SELYA, Circuit Judges.
 BREYER, Circuit Judge.
 
 
 1
 Public Service Company of New Hampshire is in the midst of bankruptcy proceedings. In December 1988, Hudson Light and Power filed a proof of claim. It said that it "has contract claims" against Public Service (1) as a "joint owner," and (2) as an "intended beneficiary" of certain contracts. In January 1989, Peabody Municipal Light filed a similar proof of claim, asserting similar claims, but only as an "intended beneficiary," not as a "joint owner." Public Service then filed a motion for "partial summary judgment," asking the bankruptcy court to dismiss the "derivative" claims, namely, those that the two companies asserted as "intended beneficiaries" (i.e., leaving in effect Hudson's claims as "joint owner"). The bankruptcy court filed a paper on March 22, 1989 in which it "ORDERED" that the "Motion for Partial Summary Judgment is granted with respect to the claims of Hudson, ... Peabody, ..." and various other firms that had made similar "derivative" claims.
 
 
 2
 Hudson and Peabody wished to appeal this decision to the district court, but they could not decide whether the order was "final," in which case they could appeal as of right, or "interlocutory," in which case they needed the district court's permission to appeal. 28 U.S.C. Sec. 158(a). They tried to protect themselves by filing both a motion for leave to appeal on March 30 and a notice of appeal on March 30. Bankruptcy Rule 8001(a) and (b). Unfortunately, they then made a major mistake. On March 30, they also filed a motion asking the bankruptcy court to reconsider its grant of partial summary judgment. Under Bankruptcy Rule 8002(b), which closely tracks Fed.R.App.P. 4(a)(4), the filing of such a motion automatically cancels the effect of having earlier filed a notice of appeal. The rules are very clear about this. They say, "A notice of appeal filed before the disposition of any of [certain motions including a motion to reconsider] ... shall have no effect; a new notice of appeal must be filed." See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (the filing of a new notice of appeal after a timely post-judgment motion is denied is mandatory and jurisdictional). Neither Hudson nor Peabody filed a new notice of appeal. And, sometime after the bankruptcy court denied their motion to reconsider and the time for filing a subsequent notice of appeal expired, their opponent, Public Service, told the district court about their mistake and asked it to dismiss their appeal.
 
 
 3
 The district court, recognizing that it had no choice in the matter, Griggs, 459 U.S. at 61, 103 S.Ct. at 403; In re Johnson Cover Co., 92 B.R. 712 (S.D.Tex.1988); In re Crystal Sands Properties, 84 B.R. 665 (9th Cir. BAP 1988), dismissed the appeal. But, it went on to say (1) it might consider the motion for "leave to appeal," (2) it felt that such a motion was appropriate because the bankruptcy order appealed from was "interlocutory," not "final," (3) it would deny the motion for the present, but, (4) its denial was "without prejudice" to Hudson or Peabody asking the bankruptcy court to enter what Fed.R.Civ.P. 54(b) refers to as a "final judgment as to ... fewer than all of the claims or parties," i.e., to issue a piece of paper saying that its summary judgment about the "derivative" claims was final even though Hudson still has pending claims as a "joint owner." See, e.g., Spiegel v. Trustees of Tufts College, 843 F.2d 38 (1st Cir.1988). Public Service now wishes to appeal to us from the district court's decision, even though it seems to have won before the district court (which did not hear the appeal). Public Service apparently thinks the words "without prejudice" somehow work to its disadvantage.
 
 
 4
 Hudson and Peabody argue that the bankruptcy court's "partial summary judgment" order is "interlocutory," and that the bankruptcy court will therefore be able to enter a later "final" judgment under Rule 54(b); and they will then be able to appeal. We note that the bankruptcy rules, particularly in "Part VII Adversary Proceedings," draw strong analogies between an "adversary proceeding" in bankruptcy and an ordinary "case" in a district court. In re Saco Local Development Corp., 711 F.2d 441 (1st Cir.1983) (indicating that a "final" order in an adversary proceeding is "final" for purposes of appeal); Reichman v. United States Fire Ins. Co., 811 F.2d 1112, 1116 (7th Cir.1987) (decision in a bankruptcy case is final "when it wraps up a piece of litigation that would have been a stand-alone suit outside of bankruptcy law"); 9 Collier on Bankruptcy, Sec. 8001.06 (1989). Were the partial summary judgment order one entered by a district court judge in a district court case, rather than one issued by a bankruptcy judge in an adversary proceeding, we should consider it not to be "final;" it would have "adjudicate[d] fewer than all the claims ... of fewer than all the parties," for Hudson's "joint owner" claim would remain; hence the order at issue would not "terminate the action;" Fed.R.Civ.P. 54(b); it would be "interlocutory," not "final," and the only way for it to become "final" (without termination of the "joint owner" claim) would be for the court to enter a special Rule 54(b) "final judgment" as to fewer than all claims. See Adelman v. Fourth National Bank and Trust Co., 893 F.2d 264 (10th Cir.1990).
 
 
 5
 We cannot decide this matter now, however, for a party cannot appeal a judgment entered in its own favor. Bath Iron Works Corporation v. Coulombe, 888 F.2d 179, 180 (1st Cir.1989). The district court dismissed the appeal, precisely what Public Service of New Hampshire wished. The reasons it gave in support of its dismissal will not bind Public Service of New Hampshire should that reasoning lead to a further order that Public Service opposes, when, and if, Public Service appeals such a further order to this court. Bath Iron Works, 888 F.2d at 180. Indeed, it may well turn out that dismissal was proper for a totally different reason. The Bankruptcy Rules require the same "notice of appeal," whether a party appeals from a "final" order as of right, or seeks "leave to appeal" from an "interlocutory" order; see Bankruptcy Rule 8001(b), referring to Rule 8001(a), and, through cross-reference, to Rule 8002. We can find no timely filed "notice of appeal" to the district court, in respect either to the appeal by right or the appeal by leave.
 
 The appeal is
 
 6
 Dismissed.