USA v. Burke, et al          CR-96-050-M    01/27/97

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

     v.                                    Criminal No. 96-50-1-6-M

<u>Matthew McDonald, et al.</u>


O R D E R


     Several defendants have moved for a change of venue and for severance of some of the defendants and some charges from others. In addition, two defendants have moved for a continuance of the trial now scheduled to begin on March 4, 1997.  A hearing was held on all pending motions on January 21, 1997.  The motions requesting severance, change of venue, and continuance are resolved as follows.


**DISCUSSION**

     Five defendants, Stephen Burke, Matthew McDonald, Patrick McGonagle, Michael O'Halloran, and Anthony Shea, were charged on May 30, 1996, in a fourteen count indictment with racketeering, conspiracy, and other crimes involving to a series of bank and armored car robberies.  On December 12, 1996, the grand jury issued a superseding indictment that named an additional defendant, John Burke.  The robberies allegedly occurred between early 1990 and August 1994 in New England states including New Hampshire and Florida.  Although all of the defendants are not charged with participating directly in each of the robberies or other individual crimes, all defendants are charged with a single

overarching conspiracy to rob banks and armored cars in violation of 18 U.S.C.A. §§ 1951 and 2113(a)-(g).  All of the defendants and charges are joined in a single indictment.  Their motions for change of venue, severance, and continuance are addressed seriatim.

A.    **Motions for a Change of Venue**

Defendants Patrick McGonagle and Stephen Burke, joined by Anthony Shea and Michael O'Halloran, move for a change of venue on the grounds of the prejudicial effects of pretrial publicity about them and their involvement in the crimes charged, particularly in the armored car robbery in Hudson, New Hampshire, which included the murder of the two drivers.  The court will grant a change of venue if "there exists in the district where the prosecution is pending so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district."  Fed. R. Crim. P. 21(a).  The change of venue decision is left to the sound discretion of the trial court.  United States v. Brandon, 17 F.3d 409, 441 (1st Cir. 1994).  A defendant urging a change of venue must be able to show either presumed or actual prejudice.  United States v. Rodriguez-Cardona, 924 F.2d 1148, 1158 (1st Cir. 1991).  Until a jury pool is examined on the effect of publicity on each member's ability to sit impartially on the case, defendants cannot show actual prejudice of jury members.  Instead, they must and do assert presumed prejudice based on pretrial publicity.

2

"Prejudice may properly be presumed when either (a) inflammatory publicity about a case has so saturated a community that it is almost impossible to draw an impartial jury from the community, or (b) so many jurors admit to disqualifying prejudice that the trial court may legitimately doubt the avowals of impartiality made by the remaining jurors." Rodriguez-Cardona, 924 F.2d at 1158; accord Brandon, 17 F.3d at 441. Again, as jury members for this case are not yet identified, the second alternative, saturation with inflammatory publicity, is the only issue that can be examined at this stage.

To meet the prejudice test, publicity must be inflammatory or sensational not merely factual reporting of a crime or charges brought against defendants. Rodriguez-Cardona, 924 F.2d at 1158; United States v. Anguilo, 897 F.2d 1169, 1181 (1st Cir. 1990) ("To justify a presumption of prejudice under this standard, the publicity must be both extensive and sensational in nature. If the media coverage is factual as opposed to inflammatory or sensational, this undermines any claim for a presumption of prejudice.") Accordingly, extensive but largely factual reporting will not support a change of venue. Id.; see also United States v. Medina, 761 F.2d 12, 19 (1st Cir. 1985) (news coverage not prejudicial where accounts were straightforward and unemotional, factual accounts of events rather than an anticipatory trial in the media or televised confession).

1. **McGonagle's Motion**

3

The news accounts provided by McGonagle of news coverage of the Hudson robbery and murders while voluminous is largely factual. Although the news reports include information about McGonagle's prior convictions, his alleged involvement in the Hudson robbery, and an opinion that he was the architect of the Hudson robbery, none of the reports seem to rise to the sensationalism that would support a change of venue. In any case, the actual prejudice to the jurors can be assessed at the time of trial through voir dire.

## 2. Burke's Motion

The Boston Herald news clippings quoted by Burke, joined by Shea and O'Halloran, include inflammatory remarks that might suggest prejudice. Even these remarks, however, do not appear to raise the specter of a trial in the media and the resulting prejudice that Rule 21(a) is intended to prevent. Based on the information presented so far, prejudice of the entire jury pool in New Hampshire cannot be presumed. Like McGonagle, these defendants may raise the question of jury prejudice at the time of jury selection when potential jury members may be examined on the prejudicial effects of publicity at that time.

## B. Motions for Severance

Defendants Stephen Burke, John Burke, and Patrick McGonagle file motions to sever. Stephen Burke moves to sever some counts from others and to sever his trial from that of Shea and McDonald. John Burke moves for a continuance of the trial or, in the alternative to sever his trial from the remaining defendants.

4

McGonagle moves to dismiss the charges against him or, in the alternative, to sever his trial from all other defendants.

Whether to grant a defendant's motion to sever his case from that of codefendants or some charges from others is assigned to the discretion of the trial court. United States v. Dimarzo, 80 F.3d 656, 659 (1st Cir. 1996). "When several defendants are named in a unified indictment, there is a strong presumption that they should be tried together. To obtain a severance under such circumstances, a defendant must demonstrate extreme prejudice, such as by showing a 'serious risk that a joint trial would compromise a specific trial right,' or would 'prevent the jury from making a reliable judgment about guilt or innocence.'" United States v. Houlihan, 72 F.2d 1271, 1295 (1st Cir. 1996) (quoting Zafiro v. United States, 506 U.S. 534, 538-39 (1993)) (other citations omitted). In other words, to justify severance, the circumstances must be so prejudicial as to deprive a defendant of a fair trial constituting a miscarriage of justice. United States v. Smith, 46 F.3d 1223, 1230 (1st Cir. 1995). Motions to sever some charges from others are judged under the same prejudice standard. United States v. Taylor, 54 F.3d 967, 974 (1st Cir. 1995); see also United States v. Neal, 36 F.2d 1190, 1207 (1st Cir. 1994). Motions for severance are rarely granted when defendants are charged with conspiracy. Brandon, 17 F.3d at 440; accord DiMarzo, 80 F.3d at 658.

1. **Stephen Burke's Motion to Sever Felon in Possession of a Firearm Charges**

Burke contends that the jury will be unfairly prejudiced against him by the introduction of his prior convictions of armed robbery to prove the felon in possession charges against him. As discussed at the hearing, a certified copy of his prior conviction, introduced to show that Burke was a felon at the time he is alleged to have possessed a firearm, may be redacted to hide the nature of the offense to prevent any unfair prejudice. Accordingly, as no prejudice need inure from the introduction of the conviction, severance is unnecessary. To protect his interests, Burke may renew his motion at trial requesting an appropriately redacted version of his prior conviction.

**2. Burke's Motion to Sever the Hudson robbery charges.**

Burke asserts that the government's evidence against him on the Hudson robbery charges is considerably stronger than the evidence pertaining to any of the other robberies. Burke argues that the government would not have charged him with the other offenses but for the Hudson robberies. As a result, he contends, the jury is likely to convict him of the other offenses based on "spillover prejudice" from the stronger Hudson case.

All trials involving multiple defendants or multiple counts against a single defendant present the possibility that a defendant's case will be prejudiced by "spill over" from evidence of another charged offense. See United States v. Pierro, 32 F.3d 611, 615 (1st Cir. 1991). Rarely does such ordinary risk of prejudice threaten to compromise the fairness of the trial to require severance. Id.; see also Brandon, 17 F.3d at 440. Burke

6

has not raised a suggestion of prejudice against his defense in this case that meets the high standard necessary to justify a severance.

Further, if the Hudson charges were severed from the remaining charges, a question of double jeopardy might arise in the second trial as the Hudson charges are both individual charges and part of the broad overall conspiracy. See United States v. Edmond, 924 F.2d 261, 268-70 (D.C. Cir. 1991) (interpreting the plurality opinion in Jeffers v. United States, 432 U.S. 137 (1977) and Ohio v. Johnson, 467 U.S. 493, 501 (1984) to impose a waiver of Fifth Amendment rights when defendant achieves severance of charges and separate trials); see also People v. Gill, 59 F.3d 1010, 1013 (9th Cir. 1995) (same in context of successfully challenging joinder); United States v. Blyden, 930 F.2d 323, 327 (3d Cir. 1991) (same); but see Jeffers, 432 U.S. at 153 n. 21 (questioning waiver that would impose a choice between Sixth and Fifth Amendment rights in moving for severance). At the hearing, Burke's counsel declined to waive his double jeopardy rights as to a second trial if the Hudson charges were severed from the other charges. Finding insufficient prejudice inherent in the trial of all of the charges together to justify severance, and further noting the potential double jeopardy dilemma, Burke's motion to sever the Hudson charges is denied.

3. **Burke's motion to sever his trial from codefendants Shea and McDonald**

Burke contends that he will be unfairly prejudiced by evidence introduced against his codefendants Shea and McDonald because racketeering acts A through D are charged against only them and they alone are charged with drug offenses and will have evidence of drug use introduced against them.  In general, juries are expected to sort through various charges and different defendants, aided by limiting instructions if necessary, and distinguish the charges against each defendant.  See Brandon, 17 F.3d at 440.  In addition, Burke is charged with racketeering conspiracy including the four acts charged individually against Shea and McDonald so that evidence of those acts is also admissible against Burke.  Under these circumstances, Burke cannot complain of prejudice caused by evidence relating to Racketeering acts A through D.  See United States v. O'Bryant, 998 F.2d 21, 26 (1st Cir. 1993).  Burke has failed to demonstrate sufficient prejudice to his defense from evidence or charges against Shea and McDonald relating to their drug use.  Motion to sever from codefendants is denied.

**4.  McGonagle's Motion to Dismiss or Sever**

**a.  Motion to Dismiss**

McGonagle contends that, as to him, counts three and nine charge only his involvement in the Hudson robbery, and are therefore identical.  On that basis, he asks that the indictment be dismissed as multiplicitous.  The indictment may properly charge separate conspiracies.  See United States v. Fisher, 3 F.3d 456, 460 (1st Cir. 1993).  Generally, the concern with

8

multiplicitous counts in an indictment is that multiple sentences might result. United States v. Dixon, 921 F.3d 194, 196 (8th Cir. 1990); see also Charles Alan Wright, Federal Practice and Procedure § 142 (1982). Whether defendants participated in an overarching conspiracy or in only separate and individual conspiracies is a question of fact, and the question of multiple conspiracies may be addressed by appropriate jury instructions. United States v. Boylan, 898 F.2d 230, 243 (1st Cir. 1990). It is also important that jurors not be misled into believing that a defendant is charged with separate offenses when, in fact, the same offense is charged repeatedly. Dixon, 921 F.2d at 196.

Count nine charges McGonagle with participation in a conspiracy to rob an armored car in Hudson in violation of 18 U.S.C.A. § 1951. Count three charges McGonagle with participation in a conspiracy to commit armed robberies in violation of 18 U.S.C.A. § 371, including the Hudson robbery as one of the objects of the larger conspiracy. The government asserts that although the most specific allegations in count three describe McGonagle's involvement in the Hudson robbery and murders, he is also charged with participation in the overall conspiracy to rob a series of banks and armored cars and is specifically charged with providing strategy and advice and a getaway truck. The government acknowledges, however, that the Hudson conspiracy is a lesser-included offense of the overall conspiracy, and if McGonagle were convicted of both, he could be sentenced for only one.

Under these circumstances, the offenses, as charged are clearly separate although related conspiracies and the Hudson conspiracy is a piece of the larger overall conspiracy. As charged, the events comprising the two conspiracies are sufficiently distinct as to time, place, people involved, statutory basis, and proffered proof to survive a multiplicity challenge. See Fisher, 3 F.3d at 461. Whether the evidence to be adduced at trial will comport with the charges is, of course, not before the court.

McGonagle charges that count three is duplicitous as it includes more than one offense in a single count. See United States v. Valerio, 48 F.3d 58, 63 (1st Cir. 1995). As explained above, count three charges a single conspiracy to commit a series of robberies and enumerates the component robberies. As such, it charges a single conspiracy under 18 U.S.C.A. § 371, not several offenses. McGonagle's motion to dismiss is denied.

### b. Motion to Sever

McGonagle asserts that he was improperly joined in the indictment with the other defendants and moves for severance. "Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). As the indictment charges McGonagle with the same overall conspiracy as the other defendants, he was properly joined.

10

Asserting his minor role in the charged conspiracies, McGonagle contends that he would be prejudiced by trial with the other defendants due to the extensive evidence against them that would be irrelevant to him.  However, because the government charges McGonagle in the overall conspiracy, the actions of his alleged coconspirators in furtherance of the conspiracy are relevant to the case against him as well.  United States v. Flores-Rivera, 56 F.3d 319, 325-26 (1st Cir. 1995).  Even if McGonagle is correct that he was merely a bit player and that much of the evidence is irrelevant to him, severance is not required to protect him from possible spillover from evidence introduced against other defendants.  Id.

Accordingly, McGonagle's motion to sever is denied.

C.    **Motions to Continue**

Defendants John Burke and Anthony Shea move to continue the trial.  John Burke moves in the alternative to sever his case from the others to be tried at a later time.  Burke requests a continuance until September 1 if all defendants will be tried together and until July 15 if he is tried separately from the others.  Shea seeks a continuance until July 15.  The government does not object to a continuance as long as no defendants are severed and tried separately.  The other defendants had indicated that they would object to a continuance of their trial.

Whether or not to grant a continuance of a criminal trial is left to the trial court's discretion which is limited by a defendant's constitutional rights including his right to

11

assistance of counsel.  <u>United States v. Soldevila-Lopez</u>, 17 F.3d 480, 487-88 (1st Cir. 1994).  In this case, both John Burke and Anthony Shea assert that the preparation of defenses on their behalf in this complex case will be significantly prejudiced if they were compelled to go forward with trial on March 4.  John Burke was not charged until December, while the other defendants were charged last May.  Shea asserts that he has been in three separate federal jury trials since he was indicted in this case which has put time pressure on his counsel for adequate preparation of his defense.  Shea also notes that a delay would tend to mitigate any prejudicial effect of the news publicity surrounding the Hudson robbery and murders which occurred in August of 1994.

In the interests of both protecting individual defendants' rights to adequate representation and to preserve the judicial economy of a single trial where prejudice does not require severance, the motions to continue are granted.  John Burke's motion to sever is denied.  The trial is continued to a date to be set which shall be after September 1, 1997.


## CONCLUSION

For the foregoing reasons, Stephen Burke's motions for a change of venue (document # 165) and for severance (documents # 185, # 187, #188) are denied.  Patrick McGonagle's motions for a change of venue (document # 197) and to dismiss or for severance (document # 191) are denied.  John Burke's motion to continue the

12

trial or to sever (document # 252) is granted as to a continuance but denied as to severance.  Anthony Shea's motion to continue (document # 262) is granted.


          SO ORDERED.



                                        _____
                                        Steven J. McAuliffe
                                        United States District Judge

**January 27, 1997**

cc:   David A. Vicinanzo, AUSA
      Peter D. Anderson, Esq.
      Matthew J. Lahey, Esq.
      Bruce E. Kenna, Esq.
      Douglas J. Miller, Esq.
      Michael J. Iacopino, Esq.
      Bjorn R. Lange, Esq.
      David H. Bownes, Esq.
      United States Marshal
      United States Probation