In re Winslow R. LIEVSAY, Debtor.

Winslow R. LIEVSAY, Appellant,

v.

WESTERN FINANCIAL SAVINGS
BANK; Terri E. Hawkins–An-
dersen, Trustee, Appellee.

No. 96–56378.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 1997.[*]

Decided July 1, 1997.

---

[*] Honorable Lourdes G. Baird, United States District Judge, Central District of California, sitting by designation.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Winslow R. Lievsay, Mission Viejo, CA, pro se.

Kenneth D. Passon, Suchman, Galfin & Passon, Irvine, CA, for the appellee.

Before: WILLIAM A. NORRIS, LEAVY and TASHIMA, Circuit Judges.

PER CURIAM.

Chapter 11 debtor Winslow R. Lievsay appeals pro se from the Bankruptcy Appellate Panel's ("BAP") opinion affirming the bankruptcy court's order denying approval of Lievsay's Second Amended Disclosure Statement ("Chapter 11 plan"). We dismiss for lack of jurisdiction.

■■ "Although both parties contend that we have jurisdiction over this appeal, we have an independent duty to examine the propriety of our subject matter jurisdiction." *Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Village Resort, Ltd.),* 81 F.3d 103, 105 (9th Cir.1996). This court has jurisdiction over final orders of the bankruptcy appellate panel reviewing bankruptcy court decisions. *See* 28 U.S.C. § 158(d); *see also United States v. Technical Knockout Graphics, Inc. (In re Technical Knockout Graphics, Inc.),* 833 F.2d 797, 800 (9th Cir.1987). However, this court does not have discretion to hear interlocutory appeals under section 158(d). *Security Pac. Bank Wash. v. Steinberg (In re Westwood Shake & Shingle, Inc.),* 971 F.2d 387, 389 (9th Cir.1992).

■■ In this case we must first look to the nature of the underlying bankruptcy court order. *Id.* If the underlying bankruptcy court decision is interlocutory, the BAP order affirming or reversing it is also interlocutory. *Id.; Allen v. Old Nat'l Bank (In re Allen),* 896 F.2d 416, 418 (9th Cir.1990) (per curiam). We hold that a bankruptcy court's decision denying confirmation of a Chapter 11 plan is interlocutory. *See Nicholes v. Johnny Appleseed (In re Nicholes),* 184 B.R. 82, 86 (9th Cir. BAP 1995); *see also Flor v. BOT Fin. Corp. (In re Flor),* 79 F.3d 281, 283 (2d Cir.1996); *Pleasant Woods Assocs. Ltd. Partnership v. Simmons First Nat'l Bank (In re Pleasant Woods Assocs. Ltd. Partnership),* 2 F.3d 837, 838 (8th Cir.1993) (per curiam); *Simons v. Federal Deposit Ins. Corp. (In re Simons),* 908 F.2d 643, 645 (10th Cir.1990) (per curiam). Accordingly, because

the underlying order is interlocutory, section 158(d) does not confer jurisdiction on this court. *See In re Westwood Shake & Shingle, Inc.,* 971 F.2d at 389.

Jurisdiction is also not conferred on this court by either 28 U.S.C. §§ 1291 or 1292. Neither section 1291 nor 1292 applies to appeals from the BAP. *See* 28 U.S.C. §§ 1291 & 1292; *Vylene Enters., Inc. v. Naugles, Inc. (In re Vylene Enters., Inc.),* 968 F.2d 887, 890–91 (9th Cir.1992).

*APPEAL DISMISSED.*[1]

---

 1. Lievsay's motion for leave to appeal from an  interlocutory order is denied.