# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

No. 97-6064EA

In re:                                          *
                                                *
RAMONA MOIX-MCNUTT,                              *
                                                *   Appeal from the United
         Debtor.                                *   States Bankruptcy Court
                                                *   for the Eastern District
RAMONA MOIX-MCNUTT,                              *   of Arkansas
                                                *
         Appellant,                       *
    -v.-                                         *
                                                *
DAVID D. COOP, DORIS SIMPSON,                    *
MERCANTILE BANK, FORD MOTOR             *
CREDIT COMPANY                              *
                                                *
         Appellees.                       *


Submitted: September 15, 1997

Filed: October 6, 1997


Before KRESSEL, KOGER, and DREHER, Bankruptcy Judges.


DREHER, Bankruptcy Judge

     The debtor in this case, Ramona Moix-McNutt ("Debtor"), appeals from
an order of the United States Bankruptcy Court for the Eastern District of
Arkansas sustaining objections to confirmation of the Debtor's proposed
Chapter 13 plan and allowing Debtor twenty days in which to file a motion
to convert the case to one under Chapter 11.  The order further provided
that, if the Debtor failed

to convert the case to one under Chapter 11 within such time, the case would be converted to Chapter 7 without further notice or hearing. One of the appellees, Mercantile Bank, has filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the bankruptcy court's order is not a final judgment, order or decree within the meaning of 28 U.S.C. § 158(a)(1) (1994).

We hold that we lack jurisdiction to hear this appeal because the bankruptcy court's order in this case was not a final order within the meaning of 28 U.S.C. § 158(a)(1). A bankruptcy court's order denying confirmation of a Chapter 13 plan without dismissing the case is not a final order for purposes of appeal. See Groves v. LaBarge (In re Groves), 39 F.3d 212, 214 (8th Cir. 1994); Lewis v. Farmers Home Admin., 992 F.2d 767, 772 (8th Cir. 1993). In this Circuit, a three-part test is utilized to determine whether a bankruptcy decision is final. We consider:

> (1) the extent to which the order leaves the Bankruptcy Court nothing to do but to execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) the extent to which a later reversal on that issue would require recommencement of the entire proceedings.

Lewis, 992 F.2d at 772. In this case, the bankruptcy court has tasks remaining to be performed which are not purely mechanical or ministerial, the Debtor may obtain effective relief by appealing the bankruptcy court's order after dismissal or final confirmation,

and a later reversal of a  denial of confirmation will not compel extensive relitigation of the entire proceedings.

Accordingly, we dismiss the appeal for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT