Francis O'Brien, Plaintiff–Appellee,

v.

**State of Vermont, Agency of Natural Resources, Defendant–Appellant.**

Docket No. 98–5083.

United States Court of Appeals, Second Circuit.

Argued: June 10, 1999.

Decided: July 12, 1999.

### In re Francis O'BRIEN, Debtor.

Ronald A. Shems, Assistant Attorney General for the State of Vermont, Office of the Attorney General, Montpelier, Vermont, for Defendant–Appellant.

Rebecca A. Rice, Cohen & Rice, Rutland, Vermont, for Plaintiff–Appellee.

Before: WINTER, Chief Judge, SACK, Circuit Judge, and SPRIZZO,* District Judge.

PER CURIAM:

█ The State of Vermont, Agency of Natural Resources ("Vermont") appeals from Judge Sessions's order dismissing its appeal from a decision of Bankruptcy Judge Conrad. The judgment appealed from was an order granting Vermont's motion to dismiss an adversary proceeding instituted against it by appellee. *See O'Brien v. Vermont (In re O'Brien)*, 216 B.R. 731 (Bankr.D.Vt.1998). We assume familiarity with the bankruptcy court's decision. Vermont appealed from this order because it objected to the bankruptcy court's rationale for granting the motion to dismiss and because it believed certain statements made by the court in explaining its decision might be considered authoritative in future litigation between the parties. On appeal, the district court noted that the harm Vermont contends it may suffer as a result of the bankruptcy court's ruling was "purely speculative." Because Vermont received all the relief it sought—dismissal of appellee's adversary complaint—it was not, in the district court's view, an "aggrieved person" and thus lacked standing to appeal. *See Vermont v. O'Brien (In re: O'Brien)*, No. 2:98–CV–103 (D.Vt. Nov. 30, 1998). We agree.

█ It is a fundamental principle of jurisprudence that "[a] party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree." *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242, 59 S.Ct. 860, 83 L.Ed. 1263 (1939); *see also Abbs v. Sullivan*, 963 F.2d 918, 924 (7th Cir.1992)

---

* The Honorable John E. Sprizzo, of the United States District Court for the Southern District of New York, sitting by designation.

("[A] winner cannot appeal a judgment merely because there are passages in the court's opinion that displease him—that may indeed come back to haunt him in a future case.") (citing *California v. Rooney*, 483 U.S. 307, 107 S.Ct. 2852, 97 L.Ed.2d 258 (1987) (per curiam); *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263). This is no minor point. Standing is not merely a prudential doctrine but an Article III limitation on the scope of federal judicial power. For this reason, "in order to have standing to appeal from a bankruptcy court ruling, an appellant must be a 'person aggrieved'—a person 'directly and adversely affected pecuniarily by' the challenged order of the bankruptcy court." *International Trade Admin. v. Rensselaer Polytechnic Inst.*, 936 F.2d 744, 747 (2d Cir.1991) (quoting *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 513 (2d Cir. 1985)).

■■■ Vermont's displeasure with the bankruptcy court's reasons for granting its motion to dismiss does not make it an aggrieved person with standing to appeal—we "review[ ] judgments, not statements in opinions." *Rooney*, 483 U.S. at 311, 107 S.Ct. 2852 (internal quotation marks omitted). The simple fact in this case is that Vermont received all the relief it sought on its motion to dismiss in the bankruptcy court, as is evidenced by the fact that it seeks only a different explanation for the judgment it received, not any substantive change in the relief afforded. It was thus the prevailing party in all respects and has no standing to appeal. Although Vermont contends that it may somehow be adversely affected by the bankruptcy court's decision, it failed at oral argument to present a clear basis for this fear. We see no reason to conclude that a Vermont court would apply the doctrine of collateral estoppel and preclude Vermont from asserting its view of the law. And, to the extent that Vermont fears that the bankruptcy court's rationale will abrogate its sovereign immunity in state court, its fear is unfounded. *See Alden v. Maine*, —— U.S. ——, 119 S.Ct. 2240, 2266, —— L.Ed.2d —— (1999) ("[T]he States retain immunity from private suit in their own courts, an immunity beyond the congressional power to abrogate by Article I legislation."). Finally, the risk that a Vermont court might at some future point defer to dicta in the bankruptcy court's opinion as persuasive does not make Vermont an aggrieved party. *See Rooney*, 483 U.S. at 311, 107 S.Ct. 2852 ("The Court of Appeal's use of analysis that may have been adverse to the State's long-term interests does not allow the State to claim status as a losing party for purposes of this Court's review.").

Moreover, Vermont's argument that *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), permits or requires us to review the bankruptcy court's reasoning is unpersuasive. The Supreme Court recently noted, in a case elucidating *Steel Co.*, that "[j]urisdiction to resolve cases *on the merits* requires both authority over the category of claim in suit … and authority over the parties … so that the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co.*, —— U.S. ——, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (emphasis added). In this case, the bankruptcy court did not resolve the case on the merits; it simply chose to dismiss on one non-merits ground rather than another. *See id.* at ——, 119 S.Ct. 1563 ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits.").

We therefore affirm.