# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 03-6030MN
_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Field McConnell, | * | |
| Allison McConnell | * | |
| | * | |
| Debtors. | * | |
| | * | |
| | * | |
| Field McConnell, | * | |
| Allison McConnell | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtors - Appellants | * | District of Minnesota |
| | * | |
| v. | * | |
| | * | |
| NWA Credit Union | * | |
| | * | |
| Creditor - Appellee. | * | |

_____

Submitted: November 19, 2003
Filed: December 30, 2003

_____

Before SCHERMER, FEDERMAN, and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court[1] dated May 30, 2003, denying confirmation of the Chapter 13 plan proposed by Field McConnell and Allison McConnell because it impermissibly modified the secured claim of NWA Credit Union. The bankruptcy court determined that the claim was protected against modification under 11 U.S.C. § 1322(b)(2) as a mortgage secured solely by the McConnells' principal residence. For the reasons stated below, we dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

The Debtors in this Chapter 13 proceeding, Field McConnell and Allison McConnell (the "McConnells" or "Debtors")), entered into a contract for deed in 1991 for the purchase of 60.42 acres of land, on which their principal residence was situated (the "Property").  In 1997, the McConnells applied for and obtained a loan from NWA Credit Union ("NWA") to pay off the contract for deed and obtain ownership of the Property.  In their residential loan application, the McConnells did not disclose that the Property was used in farming operations; rather, the stated purpose of the loan was to "pay off higher interest non-deductible consumer debt and lower interest."  The McConnells expressly stated that the Property was their "primary residence."

In addition to the McConnells' residence, there are four large outbuildings on the Property that can be used in farming operations. The McConnells also own an adjacent 100 acres of mostly pastureland that is not subject to NWA's mortgage. These two tracts comprise the McConnells' entire homestead.  The McConnells have engaged in some type of farming operation on the land since 1992, ranging from raising Angora goats for the production of mohair (from 1992 to 1997) to breeding

---

[1]    The Honorable Dennis D. O'Brien, United States Bankruptcy Court for the District of Minnesota

registered British white cattle (from 1998 to the present). The McConnells' schedules reveal that they currently earn approximately $2,187.50 per month in gross income as ranchers. Their primary source of income, however, is Field McConnell's $15,149.83 in monthly gross income as an airline pilot for Northwest Airlines.

On January 30, 2003, the Debtors filed their Chapter 13 bankruptcy petition, and on May 9, 2003, they filed their Chapter 13 plan ("Plan"). The Plan treated NWA as a fully secured creditor, reduced the interest rate on the mortgage, and re-capitalized existing defaults to be paid over the course of the plan. NWA objected to this treatment. The bankruptcy court denied confirmation, holding that NWA's mortgage on the property was not modifiable pursuant to 11 U.S.C. § 1322(b)(2), because the court found that the mortgage was on the McConnell's principal residence despite the fact that the Property was used for income-producing purposes. The Debtors appealed the bankruptcy court's denial of their Chapter 13 plan confirmation.

## II. DISCUSSION

As the Eighth Circuit has often admonished within the context of bankruptcy appeals, litigants too frequently neglect jurisdictional issues. *Lurie v. Blackwell (In re Popkin & Stern)*, 105 F.3d 1248, 1250-51 (8th Cir. 1997). *See, e.g., Groves v. LaBarge (In re Groves)*, 39 F.3d 212, 214 (8th Cir. 1994) ("Once again, as happens all too often, bankruptcy practitioners have briefed and argued an appeal to this court paying no attention to our controlling jurisdictional precedents."); *Broken Bow Ranch, Inc. v. Farmers Home Administration*, 33 F.3d 1005, 1007 (8th Cir. 1994) ("As happens all too often in bankruptcy appeals, neither party addressed [the jurisdiction] issue"); *Drewes v. St. Paul Bank for Cooperatives (In re Woods Farmers Cooperatives Elevator Co.*, 983 F.2d 125, 126 (8th Cir. 1993) ("This appeal illustrates the jurisdictional mess that results when parties to a complex bankruptcy proceeding ignore the final order requirement of 28 U.S.C. § 158(d).").

This court has an independent obligation to determine its own jurisdiction. *Lewis v. United States*, 992 F.2d 767, 771 (8th Cir. 1993); *Vincent v. Fairbanks Capital Corp.*, Case No. 03-6025 (B.A.P. 8th Cir. Dec. 1, 2003); *Crockett v. Lineberger*, 205 B.R. 580, 581 n. 3 (B.A.P. 8th Cir. 1997).

In the Eighth Circuit, a bankruptcy court's order denying confirmation of a Chapter 13 plan – without dismissing the case – is not a final order for purposes of appeal within the meaning of 28 U.S.C. § 158(a)(1) and (d). *Groves*, 39 F.3d at 214; *Moix-McNutt v. Coop (In re Moix-McNutt)*, 212 B.R. 953, 953 (B.A.P. 8th Cir. 1997).[2] The Eighth Circuit has defined a final order for the purposes of 28 U.S.C. § 158(a)(1) and (d) as one in which: (1) the order leaves the bankruptcy court with nothing to do but to execute the order; (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) a later reversal on that issue would require recommencement of the entire proceeding. *First National Bank v. Allen*, 118 F.3d 1289, 1293 (8th Cir. 1997); *Safeco Ins. Co. of Am. v. ADM/Farmland, Inc. (In re Farmland Indus., Inc.)*, 296 B.R. 793, 800 (B.A.P. 8th Cir. 2003).

Here, the McConnells' bankruptcy case is still pending and there are numerous options open to them. The Debtors could propose an amended or modified Plan under section 1323. They could seek to convert the case pursuant to section 1307(a), they could seek a hardship discharge pursuant to section 1328(b), or the bankruptcy

---

[2]    The Eighth Circuit is not alone in holding a bankruptcy court's order denying confirmation to a Chapter 13 plan is not a final order. *See, e.g., Lievsay v. Western Financial Savings Bank (In re Lievsay)*, 118 F.3d 661, 662 (9th Cir. 1997) (Chapter 11), *cert. denied* 522 U.S. 1149, 118 S. Ct. 1168, 140 L. Ed. 2d 178 (1998); *Simons v. Federal Deposit Insurance Corp. (In re Simons)*, 908 F.2d 643, 644-45 (10th Cir. 1990) (Chapter 13); *Maiorino v. Branford Savings Bank*, 691 F.2d 89, 91 (2nd Cir. 1982) (Chapter 13); *In re Massey*, 21 Fed. Appx. 113, 2001 U.S. App. LEXIS 22436 (4th Cir. 2001) (unpub.) (Chapter 13); *Jefferson Financial Services v. Hance (In re Hance)*, 2000 U.S. App. LEXIS 25468 (6th Cir. 2000) (unpub.) (Chapter 13).

court could dismiss or convert the case pursuant to section 1307(b) or (c). *See Vincent*, *supra*, slip op. at 8. Thus, the bankruptcy court still has functions to perform after denying plan confirmation. *Pleasant Woods Ass'n. Ltd. P'ship v. Simmons First Nat'l Bank (In re Pleasant Woods Associates Ltd. P'ship)*, 2 F.3d 837, 838 (8th Cir. 1993) ("the bankruptcy court has remaining tasks that are not purely mechanical or ministerial, such as considering any amended plan that may be proposed, or determining how to dispose of the case if no confirmable amended plan is proposed.").

The conclusion we reach does not preclude the Debtors from obtaining effective relief. They may either seek confirmation of a new plan or wait for the court to dismiss their case and file an appeal.[3] After the case is dismissed by the bankruptcy court, a later reversal on appeal of the court's denial of confirmation would not compel extensive relitigation of the entire case. *Lewis*, 992 at 773.

Because a denial of confirmation of a Chapter 13 plan is not a final order, we lack jurisdiction to hear this appeal.

ACCORDINGLY, this appeal is DISMISSED.

---

[3] Not all courts have found that a debtor still has access to effective relief on a later appeal when a bankruptcy court enters an order denying plan confirmation. *Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)*, 212 F.3d 277, 283 (5th Cir. 2000). *See also Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S. Ct. 2106, 124 L. Ed. 2d 228 (1993) (adjudicating an appeal on the merits – without addressing issues of finality – when the bankruptcy court denied confirmation of a debtor's Chapter 13 plan based on 11 U.S.C. § 1322(b)(2)).

A true copy.

Attest:

       CLERK, U.S. BANKRUPTCY APPELLATE PANEL
       FOR THE EIGHTH CIRCUIT