# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No.  06-6072WM

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Tenny Shikaro Zahn, formerly known | * | |
| as Tenny Shikaro Garner, | * | |
| | * | |
| Debtor. | * | |
| | * | Appeal from the United States |
| Tenny Shikaro Zahn, | * | Bankruptcy Court for the Western |
| | * | District of Missouri |
| Debtor–Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Richard Fink, | * | |
| | * | |
| Trustee–Appellee. | * | |

———

Submitted: January 25, 2007
Filed: March 20, 2007

———

Before KRESSEL, Chief Judge, MAHONEY and McDONALD, Bankruptcy Judges.

———

KRESSEL, Chief Judge.

The debtor appeals from a bankruptcy court[1] order which confirmed her second amended chapter 13 plan. We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

The debtor filed her chapter 13 petition on April 11, 2006. On April 25, 2006, she filed her statement of current monthly income along with her schedules. The statement of current monthly income did not include the distribution that her non-filing spouse had taken from his IRA account. Without the inclusion of the money from the IRA distribution in the debtor's income calculation, her income was below the applicable median income and the applicable plan length was 36 months. *See* 11 U.S.C. § 1325(b)(4)(A). The debtor's plan required her to pay the trustee $2,265 per month for 36 months. The plan provided that the non-priority unsecured creditors would receive a dividend of 0% over the duration of the plan.

On May 23, 2006, the trustee objected to confirmation of the debtor's plan. The basis for the trustee's objection was the debtor's omission from her statement of current monthly income of the distribution that her husband took from his IRA account during the six months preceding the bankruptcy. The trustee contended that the distribution should have been included in the debtor's income report. If the distribution were included in the income report, then the debtor's income would be above the applicable median income for a family of three in Missouri. The applicable plan commitment period for a debtor with above median income is 60 months versus 36 months for a debtor with below median income. *See* 11 U.S.C. § 1325(b)(4)(A).

On July 13, 2006, the bankruptcy court denied confirmation of the debtor's plan. The court ruled that the debtor needed to include her husband's IRA distribution in her current monthly income, which would require her to file a plan with a

---

[1] The Honorable Jerry W. Venters, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

commitment period of 60 months. The court granted the debtor 20 days in which to file an amended plan. The debtor filed an appeal, but we dismissed it as interlocutory.

On August 17, the debtor filed an amended statement of current monthly income, which included her husband's IRA distribution, and an amended plan. The sole change in the amended plan was that the plan length was 60 months instead of 36. Unsecured, non-priority creditors would still receive nothing. The debtor also filed an objection to her own plan. After the trustee objected to confirmation of the first amended plan, the debtor submitted a second amended plan which lowered the monthly payment from $2,265 to $2,190. The plan still had a commitment period of 60 months and the unsecured, non-priority creditors still received nothing. The debtor also filed an objection to the second amended plan on the grounds that the IRA distributions should not be treated as income for purposes of determining plan length.

On September 11, 2006, the court overruled the debtor's objection to her own plan and on October 12, 2006, the court confirmed the debtor's second amended plan.[2] The debtor appealed the order confirming her plan.

## DISCUSSION
Orders Denying Confirmation of Plans Are Not Final Orders.

We have jurisdiction over final judgments of the bankruptcy courts. *See* 28 U.S.C. § 158(a)(1). While an order denying confirmation of a plan would seem to be a final order because it is a final determination of the proceeding regarding confirmation of that plan, under Eighth Circuit precedent, a bankruptcy court order which denies confirmation of a plan, but which does not dismiss the underlying case is not a final order. *Lewis v. United States Farmers Home Administration* 992 F.2d

---

[2] The actual title of the order is "Order Confirming Chapter 13 Plan as Filed or Amended on or About 8/30/06 & 8/17/06." We assume this means that the order confirmed the second amended plan.

3

767, 772 (8th Cir. 1993); *Moix-McNutt v. Coop* 212 B.R. 953, 954 (B.A.P. 8th Cir. 1997). However, a party may still appeal a non-final order if we grant leave to appeal. *See* 28 U.S.C. § 158(a)(3).

After dismissal of her first appeal, the debtor was faced with the choice of proposing a new plan consistent with the bankruptcy court's decision or having her case dismissed and appealing from the dismissal order. We recognize that this is a Hobson's choice. However, we think that the choice is the necessary result of the Eighth Circuit's decisions holding orders denying confirmation to be interlocutory and think that by proposing a new plan the debtor has effectively abandoned her old one.

<u>Interlocutory Orders Do Not Later Become Final.</u>

"The prohibition against immediate appeal of most pretrial and trial orders established by the final judgment rule is offset by the rule that once appeal is taken from a truly final judgment that ends the litigation, earlier rulings generally can be reviewed." 15A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3905.1 (2d ed. 1992); *see Franklin v. District of Columbia*, 163 F.3d 625, 630 (D.C. Cir. 1998). An appeal from a final judgment permits the appeal of previously entered non-final orders that shaped the scope of that judgment. *David v. Fulton County, Arkansas*, 90 F.3d 1346, 1354 (8th Cir. 1996).

The debtor suggests that the order denying confirmation of her first plan "became final" when the confirmation order was entered. Clearly the order which confirmed the debtor's second amended plan is a final order from which the debtor may appeal. As part of that appeal, we may review any of the orders which led up to the final order. However, the order which denied confirmation of the debtor's original plan did not become final, and thus appealable in its own right, as the debtor contends. The order remains an interlocutory order and may be reviewed only as part of an appeal of a final order, provided that the interlocutory order in some way led to error

4

in the final order.[3]  But, as we will see in the next section, such review is predicated on an erroneous final order.

### The Debtor May Not Appeal From Judgment Entered in Her Favor.

In order to have standing to appeal the decision of the bankruptcy court, an appellant must be a person aggrieved.  *O'Brien v. Vermont (In re O'Brien)*, 184 F.3d 140, 142 (2nd Cir. 1999).  "[A] 'person aggrieved' . . . must be directly and adversely affected pecuniarily by the order of the [bankruptcy] referee which is challenged." *Hartman Corp. of America v. United States*, 204 F.2d 429, 430 (8th Cir. 1962).  "It is an abecedarian rule that a party cannot prosecute an appeal from a judgment in its favor."  *Elkin v. Metropolitan Prop. & Cas. Ins. (In re Shkolnikov)*, 470 F.3d 22, 24 (1st Cir. 2006).  "[A] party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree."  *Electrical Fittings Corp. v. Thomas & Betts Co.*, 207 U.S. 241, 242 (1939); *see In re Public Service Co. of New Hampshire*, 898 F.2d 1, 2 (1st Cir. 1990).

The debtor is not an aggrieved party.  In fact she alleges no error in the order from which she has appealed.  She concedes that her quarrel is not with the order she has appealed but with the earlier order denying confirmation of her original plan.  Even her own objection to her plan did not contend that it was not confirmable.  She simply preferred her original plan.

In addition, the debtor received all of the relief that she requested.  The debtor proposed her second amended plan to the court in order to obtain its confirmation. When the court confirmed her plan, the debtor got all the relief for which she asked.

---

[3]In addition, the debtor did not appeal from the order denying confirmation as part of this appeal and even if she had, such an appeal would have been late in the extreme.

Because a party may not appeal a judgment that grants all of the relief requested, the debtor may not appeal the order confirming her plan.

The debtor refers us to several cases which, she contends, allow us to review the denial of confirmation of her original plan as part of the appeal of confirmation of her second amended plan. *See Lewis*, 992 F.2d 767; *Pleasant Woods Assocs. Ltd. P'ship v. Simmons First Nat'l Bank (In re Pleasant Woods Assocs. Ltd. P'ship)*, 2 F.3d 837 (8th Cir. 1993); *Moix-McNutt*, 212 B.R. 953; *Vincent v. Fairbanks Capital Corp. (In re Vincent)*, 301 B.R. 734 (B.A.P. 8th Cir. 2003); *McConnell v. NWA Credit Union (In re McConnell)*, 202 B.R. 169 (B.A.P. 8th Cir. 2003). However, in all of these cases the courts did not decide the merits of the appeal. Instead, they dismissed the appeals for lack of jurisdiction because no final order had been entered. The courts did state, in dicta, that the debtors could appeal the orders denying confirmation after dismissal of their cases <u>or</u> confirmation of their plans. However, none of the cases involved a debtor who appealed an order confirming a plan that the debtor proposed. Although we sympathize with the debtor's reliance on these cases, like so much dicta, they do not hold up to actual analysis and we think are contrary to law. We decline to follow the dicta in these cases, particularly when to do so would lead us to exceed our jurisdiction.

In another case, the court heard the case on the merits, but only because it held that given the circumstances, the order under review was a final order. *Broken Bow Ranch, Inc. v. Farmers Home Admin. (In re Broken Bow Ranch, Inc.)*, 22 F.3d 1005 (8th Cir. 1994). It recites the dicta from the previous cases–that the court may review denial of confirmation of a debtor's plan upon either dismissal of the case or confirmation of a final plan–but does not rely on it because the appeal is not from confirmation of a plan or dismissal. *Id.* at 1008. In *Broken Bow Ranch*, the debtor appealed a bankruptcy court order which denied the debtor discharge in a chapter 12 plan unless the debtor paid all of its disposable income to its unsecured creditors. *Id. Broken Bow Ranch* is not applicable here.

**CONCLUSION**

Because the debtor prevailed in the bankruptcy court, she lacks standing to appeal and her appeal is dismissed.

MAHONEY, Bankruptcy Judge, joined by Kressel, Chief Judge , concurring

I agree with the opinion of the majority because of the current state of the law in the Eighth Circuit regarding the finality of bankruptcy court orders which deny confirmation of a chapter 13 plan. I write separately to suggest that the Court of Appeals should revisit the issue of whether an order denying confirmation of a chapter 13 plan is a final order for appeal purposes.

As the majority recites, as a result of the decision in Lewis v. U.S. Farmers Home Admin., 992 F.2d 767 (8th Cir. 1993), the law in the Eighth Circuit is that an order denying confirmation of a debtor's plan is interlocutory and not a final order. If the district court, sitting in an appellate capacity, or the Bankruptcy Appellate Panel refuses to permit the appeal of the interlocutory order such order will most likely never receive appellate review.

Rather than considering the appeal of an order denying confirmation of a plan to be a final order, Lewis requires that if the debtor chooses not to file an amended plan to conform to the bankruptcy judge's view of what is necessary to be contained in a confirmable plan, the case should be dismissed and the dismissal order will then be considered the final appealable order. The position of the Eighth Circuit is consistent with the position of the majority of circuits that have faced the issue. See Watson v. Boyajian (In re Watson), 309 B.R. 652 (B.A.P. 1st Cir. 2004), aff'd, 403 F.3d 1 (1st Cir. 2005); In re Massey, 21 Fed. Appx. 113, 2001 WL 1241039 (4th Cir. 2001) (unpublished) (per curiam); Lievsay v. W. Fin. Sav. Bank (In re Lievsay), 118 F.3d 661(9th Cir. 1997) (per curiam); Flor v. Bot Fin'l Corp. (In re Flor), 79 F.3d 281 (2d

Cir. 1996) (per curiam); <u>Simons v. FDIC (In re Simons)</u>, 908 F.2d 643 (10th Cir. 1990) (per curiam). <u>In re Salem</u>, 465 F.3d 767,771 (7th Cir. 2006) ("A judgment affirming a bankruptcy court's decision to deny confirmation of a Chapter 13 plan and dismiss a case is typically a final order of the bankruptcy court, as there are no proceedings left to occur."); But see: <u>In re Armstrong World Indus., Inc.</u>, 432 F.3d 507 (3d Cir. 2005) (finality is construed more broadly in bankruptcy cases than in other civil cases; Third Circuit's policy is to quickly resolve issues central to a bankruptcy case's progress); <u>Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)</u>, 212 F.3d 277 (5th Cir. 2000) ("Recognition that the denial of a Chapter 13 plan can be a final order is all but compelled by considerations of practicality."); and <u>Hardy v. Cinco Fed. Credit Union (In re Hardy)</u>, 755 F.2d 75 (6th Cir. 1985) (court considered an appeal from a denial of the confirmation of a debtor's chapter 13 plan with no acknowledgment of a jurisdictional problem).

The problem that results from refusing to treat orders denying confirmation as final orders for appeal purposes is that the debtor is left with two ineffective alternatives. The debtor can comply with the findings of the bankruptcy court and file a plan that contains provisions the debtor does not believe are required by the Code, and lose, as in this case, the right to appeal. Alternatively, the debtor is forced to suffer dismissal of the case and then request the bankruptcy court or the appellate court to stay the order of dismissal during an appeal so that the automatic stay of 11 U.S.C. § 362(a) is not lost. Frequently, the purpose of filing a chapter 13 case is to save a house from foreclosure or a vehicle from repossession and sale. The chapter 13 petition stays the state law collection procedures. If the case gets dismissed as a result of the denial of confirmation, the whole purpose of the case may be frustrated, especially if the debtor cannot obtain a stay pending appeal.

For "finality" purposes, a bankruptcy case is not the equivalent of a civil case filed in the district court. The bankruptcy case may include several discrete

opportunities for litigation and the result of each litigated issue is final or should be considered final as to that issue.

28 U.S.C. § 157(a) differentiates a "case" under Title 11 and a "proceeding" arising in a case under Title 11. 28 U.S.C. § 157(b) identifies various "proceedings" that are "core proceedings" which bankruptcy judges may determine and enter appropriate orders and judgments. Included in the list of core proceedings is 28 U.S.C. § 157(b)(2)(L), "confirmation of plans." Denial of confirmation on the merits is a determination of a proceeding that should be final and appealable. Such an order is analogous to orders determining other core proceeding litigation which have been found to be final orders for appeal purposes. Examples are Stuart v. Koch (In re Koch), 109 F.3d 1285 (8th Cir. 1997) ( an order denying dismissal of a case under 11 U.S.C. § 707(b) is final for appeal purposes); Huebner v. Farmers State Bank (In re Huebner), 986 F.2d 1222 (8th Cir. 1993) (an order granting or denying an objection to an exemption is final for purposes of appeal), cert. denied, 510 U.S. 900 (1993); and Aetna Life Ins. Co. v. Leimer (In re Leimer), 724 F.2d 744 (8th Cir. 1984) (an order denying relief from the automatic stay is final for appeal purposes). In Martin v. United States (In re Martin), 761 F.2d 472 (8th Cir. 1985), the court, without explicitly addressing whether an order on the use of cash collateral is final for purposes of appeal, did hear and decide the creditor's appeal of the bankruptcy court's order granting the debtor's motion for use of cash collateral.

In each of the cases discussed above the order appealed from terminated a discrete piece of litigation, leaving nothing further for the bankruptcy judge to do with regard to the litigated issue.

This case is a good example of the problems resulting from the current state of the law in this circuit. Here, the bankruptcy court denied confirmation of a plan proposed by the debtor because it did not extend for sixty months as the judge determined was necessary as a matter of law. The debtor lost the litigation concerning

that proposed plan. She attempted to appeal the decision of the bankruptcy court, but the Bankruptcy Appellate Panel refused to grant leave to appeal the interlocutory order. Had the order denying confirmation been considered final, that initial appeal would have allowed an appellate determination of the litigated issue,which was: "Was the initial plan confirmable?" Instead, debtor, not willing to risk the downside of a dismissal order, and relying on dicta from Eighth Circuit and B.A.P. cases that appeared to sanction the procedure, filed a plan that conformed to the judge's finding but made it clear in the plan that filing of the plan was being done over debtor's objection. Since the objector to the original plan did not object to the new plan, it was confirmed. The debtor appealed, and now has lost the appeal because we conclude that the debtor has received all the relief the debtor is entitled to, i.e., confirmation of a plan. So, the real issue, the litigated issue of whether the original plan was confirmable, will never receive appellate review. (I seem to recall a book and a movie entitled Catch-22.)

I believe that when a chapter 13 plan is proposed and objected to by any party it becomes a contested matter with regard to that discrete issue, that is, the confirmability of that particular plan. An order denying confirmation of that particular plan is a final determination by the bankruptcy judge of the plan confirmation proceeding and should be considered a final order for purposes of appeal. Such an order should be considered final because it settles, once and for all, the particular issues being litigated, even though it does not resolve all other issues which may arise in the case. An order denying confirmation of a chapter 13 plan is in exactly the same category as all of the other contested matters described above which the Court of Appeals has agreed are final orders for appeal purposes. In addition to all of the reasons discussed above, such an order should be considered as final for appeal purposes to avoid the risks that dismissal of the case may cause the debtor and to avoid situations such as this one, in which the debtor cannot obtain any appellate relief.

—————————————————

10