# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 14-6036

_____

In re: O&S Trucking, Inc.

*Debtor*

------------------------------

O&S Trucking, Inc.

*Debtor - Appellant*

v.

Mercedes Benz Financial Services USA, doing business as Daimler Truck Financial

*Claimant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri - Springfield

_____

Submitted:  February 15, 2015
Filed: April 7, 2015

_____

Before KRESSEL, SCHERMER and NAIL, Bankruptcy Judges.

_____

KRESSEL, Bankruptcy Judge

The debtor, O&S Trucking, Inc., appeals from the bankruptcy court's[1] order confirming the debtor's third amended plan. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

**BACKGROUND**

On May 30, 2012, O&S Trucking, Inc. filed a voluntary chapter 11 petition. The debtor owned and operated a fleet of trucks, trailers and related equipment for hauling throughout the United States. It had a lease/purchase program pursuant to which independent contractor drivers could lease and ultimately acquire ownership of trucks. The debtor's trucks were financed or leased from a number of creditors, including Mercedes Benz Financial Services USA d/b/a Daimler Truck Financial. At the time of the bankruptcy filing, Daimler was the lessor with respect to 14 trucks and it held a security interest in 99 separate trucks that were operated by the debtor or its lessee drivers. Daimler also held a security interest in any driver lease payments and other proceeds generated by the debtor from the use of such trucks.

On June 14, 2012, Daimler filed a motion for "Adequate Protection or, in the Alternative, to Prohibit Use of Cash Collateral and Grant Relief from the Automatic Stay." On June 26, 2012, it filed a subsequent "Motion to Prohibit Unauthorized Use and for Sequestration of Cash Collateral." Daimler argued that the debtor was using cash collateral made up of the driver lease payments and other proceeds without its consent. Daimler requested that its cash collateral be segregated and that the court prohibit its use.

---

[1] The Honorable Arthur B. Federman, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

Daimler and the debtor immediately began negotiations on the motions. On August 7, 2012, to resolve both motions, they submitted an agreed order for the court's approval. The order provided that the debtor would deliver possession of 21 trucks to Daimler. Daimler would sell the trucks and give the debtor credit for the net proceeds received. The debtor was to retain 80 trucks subject to Daimler's security interest and would make adequate protection payments to "Daimler equal to 2% of the NADA values [of the trucks], as set forth in Exhibit A." Exhibit A separately listed the make, model VIN and NADA value of the 80 trucks. It also computed the 2% payment figures. The order was silent as to Daimler's security interest in the driver lease payments and other proceeds generated by the use of the trucks.

On December 11, 2013, the debtor filed a "Motion for Determination of Secured Status and Request for Related Relief." A hearing was set, but it was continued several times at the request of the parties. Meanwhile, Daimler filed an amended proof of claim in the amount of $2,743,171.94. The debtor objected to the claim. The court set a joint evidentiary hearing for the claim objection and the motion to determine the secured status of the claim.

At the time of the hearing, the debtor argued that the value assigned to each truck in Exhibit A of the agreed order was a binding valuation to be used for the remainder of the case. The debtor also argued that because the agreed order did not specifically provide for proceeds attributable to Daimler's trucks to be segregated, then Daimler's security interest in those proceeds was lost.

On May 13, 2014, the court entered an order sustaining the debtor's objection, in part, and determining the status of the secured claim. The court found

3

that as of May 5, 2014, all but 23 of the vehicles had been surrendered to Daimler. At that time, the debtor had made adequate protection payments in the amount of $1,577,488.01. The court credited those adequate protection payments toward the total amount of the debt owed, before any determination was made as to how much of that debt was secured. Ultimately, the court found that Daimler had an allowed secured claim in the amount of $1,425,309.40 and an unsecured claim in the amount of $819,183.48, less any proceeds received by Daimler from the sale of vehicles previously surrendered by the debtor.

Additionally, the court correctly noted that § 552(b) of the Bankruptcy Code provides that if the debtor and a creditor entered into a security agreement before the filing of the petition, and if the security interest extends to proceeds, products, offspring, or profits of the collateral, then such security interest continues in any proceeds, products, offspring, or profits generated post-petition. In this case, the court determined that 25% of the debtor's operating fleet was comprised of Daimler's collateral. Therefore, Daimler was entitled to a security interest in 25% of the total amount of funds in the debtor's accounts, a sum of $51,909.40.

On May 27, 2014, pursuant to Federal Rule of Bankruptcy Procedure 9023, the debtor made a motion for reconsideration of the court's May 13 order. The debtor argued that the court's valuation of the trucks, which was lower than the parties' agreed valuation, was in error. As a result of the lower valuation, the debtor claimed it had paid an extra $25,980 in adequate protection payments because the payments were calculated using a percentage of the values of the trucks. If the values had been lower, as the court had determined they were, then the monthly payments would have necessarily been smaller. According to the debtor, the adequate protection payments were made to compensate the debtor for

4

the eroding value of the trucks, therefore, the payments made in excess of the erosion value should be credited against the secured portion of Daimler's claim. On June 6, 2014, the court entered an order denying the debtor's motion for reconsideration.

On June 19, 2014, the debtor filed a notice of appeal of the May 13 and June 6 orders. Both orders were interlocutory and the debtor did not request, nor did it meet the requirements, for a grant of leave to appeal. We dismissed the appeal for lack of jurisdiction on September 15, 2014.

Meanwhile, on June 20, 2014, the debtor proposed a third amended plan of reorganization. It provided treatment of Daimler's claim as follows:

> Subject to any adjustments as described below, the Class 3 Claimant shall be paid the total sum of values listed below on all equipment retained by Debtor as of the Effective Date with interest at the rate of 4.25% per annum over a term in accordance with the following schedule of equipment:

| Type | Year | Value | Term |
|------|------|-------|------|
| Freightliner Cascadia | 2010 | $62,100 | 36 months |
| Freightliner Century | 2007 | $34,775 | 12 months |
| Freightliner Columbia | 2007 | $34,525 | 12 months |

> together with an additional amount of $51,909.40. The components of the Class 3 Secured Claim consisting of the foregoing equipment values and additional cash amounts are based on the rulings by the Bankruptcy Court as set forth in the Order Sustaining, in Part, Debtor's Objection to Claim of Mercedes Benz Financial Services USA, LLC d/b/a Daimler Truck Financial and Determining Secured Status of Daimler's Claim (the

5

"Daimler Decision").  The total amount of the Class 3
Secured Claim is subject to adjustment based on the
following:

a) The final outcome of the pending appeal of the Daimler
   Decision by Debtor and any subsequent appeal; and
b) Reduction of the Class 3 Secured Claim based on
   adequate protection payments to Daimler after issuance
   of the Daimler Decision.

The plan was confirmed on October 2, 2014.  On October 15, 2014, the
debtor filed a notice of appeal. The notice indicates that the debtor was appealing
from three orders:

1) Order Sustaining in part, Debtor's objection to Claim
of Mercedes Benz Financial Services USA, LLC d/b/a
Daimler Truck Financial and Determining Secured Status
pf Daimler's Claim, dated May 13, 2014;

 2) Order Denying Debtor's Motion for Reconsideration
of the Order Sustaining in part, Debtor's objection to
Claim of Mercedes Benz Financial Services USA, LLC
d/b/a Daimler Truck Financial and Determining Secured
Status pf Daimler's Claim, dated June 6, 2014; and

3) Order Confirming Final Approval of Third Amended
Disclosure Statement and Confirming Third Amended
Plan of Reorganization (As Modified), dated October 2,
2014.

The debtor describes its appeal as a controversy that "arose as to the
application of the excess adequate protection payments inasmuch as [the debtor]
clearly overpaid for the erosion in the value of the trucks."  Additionally, the
debtor argues that the bankruptcy court erred when it supplemented the secured

6

portion of Daimler's claim with an award of $51,909.40 as proceeds from the use of Daimler's trucks.

## ANALYSIS

*Jurisdiction*

*1. Final Orders*

Though it is not raised by either party, we have an independent duty to examine our own jurisdiction. *Nebraska v. Strong (In re Strong)*, 305 B.R. 292, 295 (B.A.P. 8th Cir. 2004) (*citing Weihs v. Kenkel (In re Weihs)*, 229 B.R. 187, 189 (B.A.P. 8th Cir. 1999)). We have jurisdiction to hear appeals from final orders and from interlocutory orders with leave of the court. *Coleman Enterprises, Inc. v. QAI, Inc. (In re Coleman Enterprises, Inc.),* 275 B.R. 533, 537 (B.A.P. 8th Cir. 2002); 28 U.S.C. §§ 158(a)(1), (a)(3), (b). An order is considered final if "(1) [it] leaves the bankruptcy court nothing to do but execute the order, (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief, and (3) a later reversal on that issue would require recommencement of the entire proceeding." *Nebraska v. Strong (In re Strong)*, 293 B.R. 764, 767 (B.A.P. 8th Cir. 2003) (*citing First Nat'l Bank v. Allen*, 118 F.3d 1289, 1293 (8th Cir. 1997)).

The debtor purports to appeal from three orders – the May 13 order sustaining, in part, the debtor's objection to Daimler's claim; the June 6 denial of reconsideration; and the October 2 confirmation order. However, as discussed in the debtor's earlier appeal, the May 13 and June 6 orders are not final orders. The confirmation order is the only final, appealable order. The fact that the confirmation order is now a final order does not render the May 13 and June 6 orders final: They are still interlocutory. Those orders, standing alone, are not

7

appealable.[2]  Nevertheless, while not appealable, to the extent they played a part in a reviewable final order their propriety may be reviewed.  *See Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 59 S.Ct. 860, (1939).

## 2.  Standing

"In order to have standing to appeal the decision of the bankruptcy court, an appellant must be a person aggrieved." *Zahn v. Fink (In re Zahn)*, 367 B.R. 654, 657 (B.A.P. 8th Cir. 2007) *(citing O'Brien v. Vermont (In re O'Brien)*, 184 F.3d 140, 142 (2nd Cir. 1999)).  "It is an abecedarian rule that a party cannot prosecute an appeal from a judgment in its favor."  *In re Zahn*, 367 B.R. at 657 (*citing Elkin v. Metropolitan Prop. & Cas. Ins. (In re Shkolnikov)*, 470 F.3d 22, 24 (1st. Cir 2006)).  Most importantly, "a party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree." *Electrical Fittings Corp.*, 307 U.S. at 242.

Despite appealing from the confirmation order, the debtor does not allege any error in that order.  At oral argument, in response to being asked what the error in the confirmation order was, the debtor's attorney replied, "I would say that the confirmation order is not erroneous."  Additionally, the debtor's brief does not once mention an error in the confirmation order.  The debtor proposed a plan, asked to have it confirmed, and it was indeed confirmed.  The debtor received exactly the relief it requested.   The debtor does not really seek review of the confirmation order.  It really seeks review of the bankruptcy court's valuation and

---

[2]    Even if the May 13 and June 6 orders were final, the debtor's appeal is untimely. *See* Federal Rule of Bankruptcy Procedure 8002(a).

application of adequate protection payments, two determinations that are not necessary to support the confirmation order.

The Eighth Circuit has adopted a procedure for this precise scenario for chapter 13 debtors. A chapter 13 debtor who is unable to secure confirmation of her preferred plan may propose a plan and object to that plan. "A debtor who objects to her own plan may be an aggrieved party and have standing to appeal confirmation of such plan." *Zahn v. Fink (In re Zahn)*, 526 F.3d 1140 (8th Cir. 2005). Assuming the Eighth Circuit would apply this procedure to chapter 11 cases, it would require a debtor to propose the plan it wants and then after its confirmation is denied, propose a different plan, object to its confirmation and then appeal. The debtor did none of that. It simply filed a plan, obtained confirmation and appealed. Because the debtor is not an aggrieved party, it does not have standing to appeal the order confirming its plan.

3. Mootness

"A federal court may only exercise jurisdiction over cases and controversies and lacks authority over moot issues." *Internal Revenue Serv. v. Ealy (In re Ealy)*, 396 B.R. 20, 22 (B.A.P. 8th Cir. 2008) (*citing* U.S. CONST., art. III, § 2, cl 1). A case becomes moot "when it no longer presents a controversy with respect to which the court can give meaningful relief." *Crown Media, LLC v. Gwinnett Cnty., GA*, 380 F.3d 1317, 1324 (11th Cir. 2004). A case is no longer live if the reviewing court is incapable of restoring the parties to their original position. *In re Strong*, 312 B.R. at 380.

On May 30, 2012, the debtor possessed 113 of Daimler's trucks. By May 5, 2014, the debtor had surrendered all but 23 of the trucks. On October 2, 2014, the date of confirmation, the debtor only possessed three trucks. Then, at the time of oral argument on this appeal, the debtor revealed that it no longer possessed any of Daimler's trucks.

Regardless of this significant change in circumstance, the parties argue at length about the valuation of the trucks. The debtor's argument hinges on the allegation that the bankruptcy court's erroneous valuation resulted in overpayment of adequate protection payments. It argues that the values assigned to the trucks in the agreed order are binding on the parties, and apparently on the court, for the remainder of the case. The debtor is incorrect. The adequate protection order never purported to value the trucks. The values assigned to the trucks in Exhibit A were simply a mechanism for calculating adequate protection payments, numbers to input into the formula for determining fair compensation for Daimler. The order itself did not state that it was establishing a value for trucks.

Even if the agreed order did constitute a valuation of the trucks, that valuation can change throughout the course of the bankruptcy case. Section 506 of the Bankruptcy Code governs the "Determination of the Secured Status." It states that "such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's rights." 11 U.S.C. § 506(a)(1). As referenced by the bankruptcy court, the Eighth Circuit has held "[f]or purposes of the reorganization plan, the value of the collateral is to be determined at the time for confirmation of that plan. An initial valuation for adequate protection purposes is not res judicata for purposes of determining the

value of the collateral, and thus the allowed secured claims of the creditors under a reorganization plan." *Norwest Bank Worthington, et. al. v. Ahlers (In re Ahlers)*, 794 F.2d 388, 398 (8th Cir. 1986), *rev'd on other grounds, Norwest Bank Worthington v. Ahlers*, 485 U.S. 107 (1988). We agree with the bankruptcy court: Valuation can, and often does, change throughout the course of a case. *See In re Cahill*, 503 B.R. 535 (Bankr. D. N.H. 2013). A change in the value of collateral, along with many other factors, can change an allowed secured claim.

The parties may argue a number of interesting questions that they would like the answers to. However, because the debtor now possesses no trucks, there is no meaningful relief left to be granted. Courts decide disputes, not interesting questions. Certainly the passage of time and the disposition of the trucks also reduced the total amount of the debtor's proceeds. Since the value of a secured claim needs to be determined as of the date of confirmation, the alleged valuations in the agreed order are moot, if not irrelevant.

**CONCLUSION**

For all the reasons stated, the appeal is dismissed for lack of jurisdiction.