# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 15-6002

_____

In re: Richard Allen Diamond

*Debtor*

------------------------------

Michael Jay Goldstein

*Plaintiff – Appellant*

and

Michael Fitzgerald

*Plaintiff*

v.

Richard Allen Diamond

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted:  March 27, 2015
Filed:  May 11, 2015

_____

Before FEDERMAN, Chief Judge, KRESSEL and SALADINO, Bankruptcy Judges.

KRESSEL, Bankruptcy Judge

Michael Jay Goldstein appeals from an order of the bankruptcy court[1] determining that the debtor's debt to him was not excepted from the debtor's discharge and dismissing his complaint to determine dischargeability of his debt. For the reasons stated below, we affirm.

## BACKGROUND

On November 29, 2011, Richard Allen Diamond filed a chapter 7 bankruptcy petition in the Eastern District of Missouri. In accordance with Federal Rule of Bankruptcy Procedure 4007, February 28, 2012 was the deadline for filing a complaint to determine the dischargeability of certain debts under 11 U.S.C. § 523(c).

On February 15, 2012, Michael Jay Goldstein filed a motion in Diamond's bankruptcy requesting a sixty day "extension of proceedings" and "withholding of the entry of the discharge order." Goldstein claimed that he was a creditor but he did not receive proper notice of the bankruptcy case. He intended to pursue an adversary proceeding to determine the dischargeability of his claim.

The bankruptcy court did not interpret Goldstein's motion to include a request for an extension of the February 28, 2012 filing deadline. Instead, it found the request to be one for "abatement of the case for sixty days." Finding there was no

---

[1] The Honorable Charles E. Rendlen, III, United States Bankruptcy Judge for the Eastern District of Missouri.

cause for such relief, it denied the motion. The court also denied the request to withhold the discharge. On February 29, 2012, the court entered the debtor's discharge. On March 15, 2012, the case was closed.

On March 14, 2013, Goldstein looked elsewhere for relief and filed a two-count dischargeability complaint against the debtor in the Eastern District of Pennsylvania. The counts made no mention of a particular statute but both were captioned as "Fraud and Defalcation."

After a hearing on an order to show cause, the bankruptcy court for the Eastern District of Pennsylvania transferred the adversary proceeding to the United States District Court for the Eastern District of Missouri. The complaint was then referred by the district court to the bankruptcy court, but on instruction of the bankruptcy judge, it was not docketed. Instead, the court issued an order instructing Goldstein to file a motion to reopen the underlying bankruptcy case and pay the reopening fee. Goldstein appealed.

On appeal, we reversed the bankruptcy court and determined that there is no requirement that a bankruptcy case be reopened in order to file a dischargeability complaint. *Goldstein v. Diamond (In re Diamond)*, 509 B.R. 219 (B.A.P. 8th Cir. 2014). Subsequently, the bankruptcy court ordered the clerk to docket the complaint and included an order to show cause why the complaint should not be dismissed.

Goldstein filed a verified response to the court's order to show cause. The court took no action on its order to show cause, but scheduled a trial for October 1, 2014. On September 2, 2014, the debtor filed an answer which included a request

for dismissal of the complaint. The court set October 4, 2014, as a deadline for Goldstein to respond to the debtor's request for dismissal. Again, Goldstein filed a verified response; the court struck the trial and on December 23, 2014, the bankruptcy court entered an order dismissing the complaint. It is from this order that Goldstein now appeals.[2]

**DISCUSSION**

*Standing*

To properly challenge the dischargeability of a debt based on fraud and defalcation "the creditor to whom such debt is owed" must request the court to except the debt from discharge. *See* 11 U.S.C. § 523(c). "Creditor" is defined by the Bankruptcy Code as an entity that has a claim against the debtor or his estate. 11 U.S.C. § 101(10). In his complaint, Goldstein describes himself as a "limited partner in three of the limited partnerships" and a "silent non-participating guarantor" of an "integrated secured commercial loan transaction." According to the bankruptcy court, nothing in the record showed that Goldstein, in his individual capacity, was owed a debt from the debtor. The court relied on the fact that the complaint stated that the debt was based on breach of fiduciary fraud owed to the limited partnerships, not to Goldstein himself.

---

[2] As far as we can tell, plaintiff Michael Fitzgerald did not participate in this adversary proceeding at all and clearly did not appeal. Subsequent to the bankruptcy court's order, Goldstein and Fitzgerald executed an assignment of Fitzgerald's claim to Goldstein. Goldstein has filed this assignment with the clerk, however, it is not a proper part of the record.

In order to have standing to appeal the decision of the bankruptcy court, an appellant must be a person aggrieved. *Zahn v. Fink (In re Zahn)*, 367 B.R. 654, 657 (B.A.P. 8th Cir. 2007) (*citing O'Brien v. Vermont (In re O'Brien)*, 184 F.3d 140, 142 (2nd Cir. 1999)). The person aggrieved doctrine limits standing to those who were directly and adversely affected peculiarly by a court order. *Sears v. U.S. Tr. (In re AFY)*, 734 F.3d 810, 819 (8th Cir. 2013). We agree with the bankruptcy court. Goldstein does not have standing as he does not purport to be personally aggrieved. Both counts of the complaint allege that the defendant's actions "led to the Limited Partnership losing all of its assets…." Nowhere in the record did Goldstein contend that he was personally affected by the defendant's actions.

Furthermore, as a pro se party Goldstein may not litigate on behalf of the limited partnerships. *See* Mo. Rev. Stat. § 347.069.1 (member, manager, employee, or agent of LLC is not a proper party to proceeding by or against LLC, except where object is to enforce such person's right against duty or liability to LLC). Goldstein merely seeks to enforce a claim that belongs to the limited partnerships. Goldstein is not a licensed attorney, therefore, he cannot pursue claims on behalf of the limited partnerships. *LorCon LLC #1 v. Heyl (In re Heyl)*, 770 F.3d 729 (8th Cir. 2014).

*Dischargeability*

*1. Section 523(a)(4)*

There are nineteen exceptions to discharge listed in 11 U.S.C. § 523(a). Though Goldstein's complaint titled both counts as "Fraud and Defalcation," he did not specify which particular exception he claimed relief under. Each count rather baldly alleged that Goldstein was entitled to relief because the debtor "carried out fraud and defalcation against Plaintiff's interests."

5

Due to the complaint's silence as to any other allegation of wrong-doing, the bankruptcy court determined that the cause of action was under § 523(a)(4). This section states, "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The creditor bears the burden of proof in a proceeding to determine the dischargeability of a debt under § 523(a)(4). *Rutanen v. Baylis (In re Baylis)*, 313 F.3d 9 (1st Cir. 2002); *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367 (10th Cir. 1996); *Coburn Co. v. Nicholas (In re Nicholas)*, 956 F.2d 110 (5th Cir. 1992).

Unlike many other exceptions listed in § 523(a), the exception for fraud and defalcation is not self-effectuating. Pursuant to Federal Rule of Bankruptcy Procedure 4007(c), creditors holding § 523(a)(4) claims must file a complaint to determine dischargeability no later than 60 days after the first date set for the meeting of creditors. If the creditor fails to timely file a complaint the debt is discharged. *See* 11 U.S.C. § 523(c)(1).

Here, the deadline for filing a dischargeability complaint under § 523(a)(4) was February 28, 2012. Goldstein filed his complaint on March 14, 2013, long after the deadline had passed. For this reason, we agree that Goldstein's complaint for a § 523(a)(4) cause of action was untimely and must be dismissed as such.

*2. Section 523(a)(3)(B)*

On appeal Goldstein argues that he did not file the complaint for fraud and defalcation pursuant to § 523(a)(4), instead he filed it pursuant to § 523(a)(3)(B).[3] This section contains an exception to discharge for debts specified in paragraphs (2), (4), or (6) that are neither listed nor scheduled in time to permit --

> timely filing of a proof of claim and timely request for a
> determination of dischargeability of such debt under one
> of such paragraphs, unless such creditor had notice or
> actual knowledge of the case in time for such timely filing
> and request.

11 U.S.C. § 523(a)(3)(B).

We have previously articulated four factors to be determined in a § 523(a)(3)(B) analysis:

> 1. Is the debt of a kind described in § 523(a)(2), (4), or
> (6)?[4];
> 2. Was the debt listed or scheduled under § 521(1) of the
> Bankruptcy Code with the name of the plaintiff;

---

[3]    The bankruptcy court addressed this exception to discharge in its opinion even though it was not explicitly pled.

[4]    While this is not usually an issue, it goes without saying that an entity filing any dischargeability complaint must have a claim. For the reasons stated in the earlier section of our opinion, it does not appear that Goldstein has a claim at all, dischargeable or otherwise. Certainly the record before the bankruptcy court did not indicate that he did.

> 3. Did the plaintiff have actual knowledge of the case in time to file an adversary proceeding in the bankruptcy court under § 523(a)(2), (4), or (6)?
> 4. Does the plaintiff's case have merit?

*Everly v. 4745 Second Avenue, Ltd. (In re Everly)*, 346 B.R. 791, 797 (B.A.P. 8th Cir. 2006).

To prevail, Goldstein must demonstrate that he was not scheduled properly and he did not have actual knowledge of the case in time to timely file a complaint under § 523(a)(4). He has done the former but not the latter. The real question, then, is whether Goldstein had actual knowledge of the bankruptcy case in time to file an adversary proceeding. Several courts have held that the "mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent dates." *Ramos v. Compton*, 891 F.2d 1180, 1184 (5th Cir. 1990); *Yukon Self Storage Fund v. Green (In re Green)*, 876 F.2d 854, 857 (10th Cir. 1989); *Lompa v. Price (In re Price)*, 871 F.2d 97, 99 (9th Cir. 1989).

In this case, while Goldstein did not receive notice from the court, he admitted that he had notice of the bankruptcy case more than three weeks before the deadline for filing a dischargeability complaint. In his complaint Goldstein disclosed that he was informed of the filing "on or about February 6, 2012." The deadline for filing a dischargeability complaint was twenty-two days later, on February 28, 2012. After receiving notice, Goldstein immediately began participating in the case. He had sufficient time to file a proof of claim and a motion for "extension," but never filed

a complaint, even though he had all the information and the wherewithal to do so timely.

The bankruptcy court relied on these details when it dismissed the complaint. We too, think that twenty-two days was a sufficient amount of time to initiate an adversary proceeding after learning of the bankruptcy case. *See Grossie v. Sam*, 894 F.2d 778 (5th Cir. 1990) (eighteen days' notice sufficient); *but see Manufacturers Hanover v. Dewalt (In re Dewalt)*, 961 F.2d 848 (9th Cir. 1992) (at least thirty days' notice, in most cases, required). The purpose of the deadline for filing dischargeability complaints is to promote efficient and comprehensive administration of bankruptcy cases. In this case, Goldstein had an adequate amount of time to protect his rights as a creditor. He used that time to file a proof of claim and a motion for extension. He cannot now, long after the fact, claim to have been hindered by his lack of knowledge of the case.

**CONCLUSION**

For the foregoing reasons, we do not find any error in the bankruptcy court's decision and affirm.

_____