In re: **BROADWAY BUILDINGS II L.P., Debtor,**

---

\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**Broadway Building II LP, Appellant,**

v.

**Ralph W. Mincks; Kathleen McCormick; Progress Investors Inc.; Gregg Jones & Associates; William K. Kobs; Pioneer Title Company, Pioneer Title Company of Kootenai County; Marshall Mend Realty; Properties One; Estate of John Snoddy; U.S. Trustee, Appellees.**

No. 00–56742.

BAP No. CC–00–01398–MaKMo.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2001 \*.

Decided Dec. 11, 2001.

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM \*\*

This case and a previous related appeal, No. 00–35448, arise from the efforts of Appellant Broadway Buildings II ("Broadway") to use a bankruptcy court's order approving its Chapter 11 Reorganization Plan ("Plan Approval") to enforce against Appellees Ralph Mincks et al. (the "Sellers") contracts that Broadway assumed pursuant to the plan. After its unsuccessful attempt to enforce the Plan Approval in the Eastern District of Washington, and while that appeal was pending, Broadway filed a motion in the Central District of California Bankruptcy Court to enforce the judgment pursuant to 11 U.S.C.

---

§ 1142(b) and Fed. R. Bankr.P. 3020(d). The bankruptcy court denied the motion, holding that Broadway must bring an adversary action to accomplish its purpose. The Ninth Circuit Bankruptcy Appellate Panel declined to review this order, holding that it was interlocutory, and denied mandamus. Broadway appealed and requested mandamus in the alternative. We dismiss the appeal and decline to issue a writ of mandamus.

We are without jurisdiction to review the order of the bankruptcy court because it is not final. *Lievsay v. W. Fin. Sav. Bank (In re Lievsay)*, 118 F.3d 661, 662–63 (9th Cir.1997) (per curiam).

We also decline to grant the writ of mandamus. We have jurisdiction pursuant to 28 U.S.C. § 1651(a). Mandamus is an extraordinary remedy, to be used "only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *DeGeorge v. U.S. Dist. Ct.*, 219 F.3d 930, 934 (9th Cir.2000) (citation omitted). Broadway cannot meet this high standard, both because it has an adequate remedy within the ongoing proceedings and because the bankruptcy court's rulings were not in error. For the reasons discussed in our disposition in the related appeal, No. 00–35448, summary enforcement of the Plan Approval as a judgment against the sellers would have been improper. All other claims that Broadway raises are unavailing.

We address sanctions in separate order in the related appeal, No. 00–35448. To the extent that Broadway requests judicial notice of the proceedings in the related appeal, No. 00–35448, its motion of April 20, 2001 is granted. Broadway's eleventh-hour motions, filed November 29, 2001, requesting judicial notice and to supple-ment the record, are denied. All other pending motions or requests are denied.

Appeal DISMISSED. Petition DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.