In re Jason M. RANSOM, Debtor.

Jason M. Ransom, Appellant,

v.

MBNA America Bank, N.A., Appellee.

BAP No. NV–07–1254–DBaMo.
Bankruptcy No. 06–11566–BAM.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Dec. 27, 2007.

Christopher P. Burke, Christopher P. Burke & Associates, Las Vegas, NV, for Jason M. Ransom.

Jeremy T. Bergstrom, Miles, Bauer, Bergstrom & Winters LLP, Henderson, NV, for MBNA, America Bank, N.A.

Before DUNN, BAUM[1] and MONTALI, Bankruptcy Judges.

1. Hon. Redfield T. Baum, Sr., Chief Judge of the U.S. Bankruptcy Court for the District of Arizona, sitting by designation.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure,

## CERTIFICATION TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

PER CURIAM.

On June 6, 2007, the United States Bankruptcy Court for the District of Nevada issued an order denying confirmation of a Chapter 13 plan filed by Appellant, Jason M. Ransom ("Ransom"). The denial was based upon the fact that Ransom sought to take deductions for vehicle ownership expenses as part of the calculation of his projected disposable income, when in fact he had no such expenses.

The bankruptcy court's order was interlocutory and a motions panel of the Bankruptcy Appellate Panel granted leave to appeal under 28 U.S.C. § 158(a)(3) & (b).

Concurrent with the issuance of this Certification we are issuing an Opinion in which we affirm the decision of the bankruptcy court. We thus set the stage for Ransom to file a notice of appeal and a petition requesting permission to appeal with the United States Court of Appeals for the Ninth Circuit.

### I. *Background*

Ransom filed for Chapter 13 relief on July 5, 2006.[2] In his Statement of Current Monthly Income, Ransom included within his deductions $471 for vehicle ownership expenses. In fact, Ransom had no vehicle ownership expenses in terms of car loan or lease payments. He was relying on an interpretation of section 707(b)(2)(A)(ii)(I),

Rules 1001–9036 (including local interim rules), as enacted and promulgated as of October 17, 2005, the effective date of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. 109–8, 119 Stat. 23.

identifying a debtor's monthly expenses as the debtor's "... applicable monthly expense amounts specified under the National Standards and Local Standards...."

By our Opinion, we have rejected Ransom's arguments and interpreted the quoted statute to direct that a debtor may not deduct vehicle ownership expenses when he or she makes no such payments on a vehicle. In our view the statutory deduction of a vehicle ownership expense applies only to a debtor who has that particular expense.

## II. *Applicable Law*

Ordinarily a court of appeals does not have jurisdiction over appeals from interlocutory bankruptcy court orders. But part of BAPCPA was an amendment to 28 U.S.C. § 158(d), adding subparagraph (2) to that section, providing that "The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence ..., certify [one or more specific circumstances]."

The first sentence of 28 U.S.C. § 158(a) refers to appeals from bankruptcy courts' final judgments, orders and decrees (§ 158(a)(1)); specified interlocutory orders not relevant here (§ 158(a)(2)); and "other interlocutory orders and decrees of bankruptcy judges" (§ 158(a)(3)). The bankruptcy court's order on appeal is within this third category.

Rule 8001(f) deals with certifications to the court of appeals. Subparagraph (2) of that rule identifies the "Court Where Made" with respect to certifications:

A certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in the court in which a matter is pending for purposes of 28 U.S.C. § 158(d)(2) and this rule.

The subparagraph later provides that "[a] matter is pending in a district court or a bankruptcy appellate panel after docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3)." Thus we conclude that the "matter is pending" before the Bankruptcy Appellate Panel for purposes of Rule 8001(f)(2) and that it is proper for us to make the certification.[3]

■ Only the district court or the bankruptcy appellate panel involved may make a certification on request of the parties or on its own initiative while the matter is pending in the district court or the bankruptcy appellate panel. Rule 8001(f)(2)(A)(ii). Because courts of appeals review bankruptcy court decisions de novo, without regard to intervening decisions of district courts or bankruptcy appellate panels (*Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775 (9th Cir.2007), citing *Arrow Elecs. Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070 (9th Cir.2000)), we believe that we have authority to certify the bankruptcy court's June 6, 2007, order in this case notwithstanding the fact that we are concurrently issuing our Opinion affirming it. The order will remain interlocutory even with our affirmance ("If the underlying bankruptcy court decision is interlocutory, the BAP order affirming or

---

**3.** For an example of a certification of a direct appeal by a district court (albeit while the matter was still pending in the bankruptcy court) of an order that arguably was interlocutory (the order on appeal determined that the debtor was not a Single Asset Real Estate debtor within the meaning of section 101(51B)), see *Ad Hoc Group of Timber Noteholders v. The Pac. Lumber Co. (In re Scotia Pac. Co., LLC)*, 508 F.3d 214 (5th Cir.2007).

reversing it is also interlocutory." *Lievsay v. W. Fin. Sav. Bank (In re Lievsay)*, 118 F.3d 661, 662 (9th Cir.1997) (citations omitted)), and absent a certification and a grant of a petition requesting permission for leave to appeal, the court of appeals will not have jurisdiction over the bankruptcy court's interlocutory order.[4]

### III. Reasons For Certification

■ 28 U.S.C. § 158(d)(2)(A) sets forth in sub-subparagraphs (i)(iii) three alternative bases for certification:

(i) The judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii) The judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

(iii) An immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.[5]

We believe all three bases exist for certification.

*No controlling decision; matter of public importance*

As set forth in our Opinion, while there are numerous bankruptcy court cases directly on point, we have found no circuit court decisions, and obviously no United States Supreme Court decisions that have addressed the issue before us. The public importance is evident from the fact pointed out in the Opinion that there are no less than fifty bankruptcy court decisions that have dealt with this issue, of which no fewer than six are bankruptcy courts within the Ninth Circuit. *See* Opinion, 380 B.R. 799, 804, 2007 WL 4625248 footnote 12 and text at pp. 8–13. It should go without further elaboration that the number of prospective Chapter 13 debtors in the country who have automobiles for which they have no current lease or loan obligations is enormous.[6] The question of whether or not the deduction is available, as more fully described in our Opinion, is obviously one of great public importance even if only a small fraction of Chapter 13 debtors, like Ransom, have no actual vehicle expenses.

*Conflicting Decisions*

While there are no court of appeals conflicting decisions that might create different rules of stare decisis among bankruptcy courts, the substantial conflict among the bankruptcy courts suggests the need to have closure on this subject, at least at the court of appeals level.

*Advance The Case*

Finally, if the court of appeals agrees with Ransom and disagrees with the bank-

---

4. Part of BAPCPA included uncodified procedural rules found in § 1233(b) of Pub.L. 109–8, 119 Stat. 23. Those procedural rules make clear that parties must file a petition requesting permission to appeal based upon a certification not later than ten days after the certification is entered on the docket of the bankruptcy court, the district court or the bankruptcy appellate panel from which the appeal is taken. The court of appeals in *Scotia Pac.* accepted the appeal despite the "technical error" of the wrong court making the certification and then dealt with the merits without discussing whether such a petition for permission to appeal had been filed.

5. The section goes on to give jurisdiction to the courts of appeals "if the court of appeals authorizes the direct appeal of the judgment, order, or decree."

6. According to the statistics posted on the website of the Administrative Office of the United States Courts (http://www.uscourts.gov/bnkrpctystats/statistics.htm# june) there were 276,649 Chapter 13 cases filed during the 12–month period ending March 31, 2007, of which 23,308 were in the Ninth Circuit.

ruptcy court and with us, then Ransom should be able to obtain confirmation of his plan, materially advancing to conclusion the challenges to that plan.

IV. *Conclusion*

For all of the foregoing reasons, we certify the bankruptcy court's decision to the United States Court of Appeals for the Ninth Circuit.