IN RE: Albert SJOGREN, Debtor

Case No. 16–1204–EDK

United States Bankruptcy Court,
D. Massachusetts,
**CENTRAL DIVISION.**

Signed July 12, 2017

Robert W. Kovacs, Jr., Kovacs Law, P.C., Worcester, MA, for Debtor.

## MEMORANDUM OF DECISION

Elizabeth D. Katz, United States Bankruptcy Judge

Before this Court is an objection to confirmation of the Chapter 13 plan of reorganization proposed by Albert Sjogren, the debtor in this Chapter 13 bankruptcy case

(the "Debtor"),[1] filed by the standing Chapter 13 trustee (the "Trustee"). The issue to be resolved is whether the requirements for confirmation of a Chapter 13 plan can be satisfied if, as here, a debtor fails to include monthly police pension payments in the current monthly income calculation.

## I. FACTS AND POSITIONS OF THE PARTIES

The Debtor filed a voluntary petition for relief under Chapter 13 of the bankruptcy Code on July 11, 2016. On Schedule B, the Debtor disclosed his interest in a pension plan with the City of Worcester ("Pension"), but listed that interest as having an "unknown" value. The Debtor also claimed an exemption in the Pension pursuant to Mass. Gen. Laws ch. 235, § 34(A) and Mass. Gen. Laws ch. 32, § 19, but he listed the amount exempted as "100% of fair market value, up to any applicable statutory limit." On Schedule I, the Debtor stated that his household monthly net income is $10,309.64, consisting of $6,641.34 net income from employment, $3,284.30 from the Pension (the "Pension Payments"), $300.00 representing 1/12 of the Debtor's anticipated tax refund, and $84.00 from "Uber." On the expense side, however, the Debtor deducted the Pension Payments $3,28430, listing the expense as on account of "city of worcester ret—exempt from estate." After factoring in other monthly expenses, the Debtor lists his net disposable income available to fund a chapter 13 plan as $335.91. And on Official Form 122C–1, the "Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period" (the "CMI calculation"), the Debtor did not account for the Pension Payments, and contends that he is below the applicable median income.

The Debtor's proposed plan of reorganization (the "Plan") provides for 36 monthly payments of $336.00. The only payments to be made under the Plan are $4,750 to be paid to Debtor's counsel and $6,288.50 to general unsecured creditors, representing an approximate dividend of 6.86% (total unsecured claims are estimated at $74,980.93).

The Trustee objects to confirmation of the Debtor's plan on two grounds. First, the Trustee says the Plan cannot be confirmed, because in omitting the Pension Payments from the CMI calculation, the Debtor failed to include all of his projected disposable income, as required by § 1325(b)(1)(B). Furthermore, accounting for the Pension Payments in the CMI calculation, results in total income *above* the applicable median, which requires the Debtor to propose a plan with a 5–year commitment period pursuant to § 1325(b)(4). Second, the Trustee says that the Plan is not proposed in good faith, as required by § 1325(a)(3) and (7), because it allows the Debtor to acquire $118,224.00 from his Pension over 36 months while requiring the Debtor to pay only $6,288.50 to unsecured creditors.

In response, the Debtor maintains that his interest in the Pension and the Pension Payments are not required to be contributed to his chapter 13 plan. First, the Debtor argues that the Pension Payments are not "income" as commonly defined and are not "current monthly income" as defined in the Bankruptcy Code. Further, the Debtor says, the Pension is not part of his bankruptcy estate because it is either excluded or exempt, and, therefore, the payments from it cannot be reached by the Trustee or creditors.

---

1. *See* 11 U.S.C. §§ 101 *et seq.* ("the Bankruptcy Code" or the "Code"). Unless otherwise specified, all statutory references are to the provisions of the Bankruptcy Code.

## II. DISCUSSION

The Trustee and the Debtor agree that the Pension itself is not property of the bankruptcy estate (as it is either excluded or exempt). They disagree, however, as to whether the Pension *Payments*, which are derived from an asset otherwise unreachable by creditors, must be included in the CMI calculation.

Pursuant to § 1325(b)(1), a Chapter 13 plan must provide for the payment of "all of the debtor's projected disposable income to be received in the applicable commitment period." 11 U.S.C. § 1325(b)(1). "Disposable income" is defined in § 1325(b)(2) as "current monthly income received by the debtor ... less amounts reasonably necessary to be expended" to support the debtor and the debtor's dependents. "Current monthly income" is further defined as "the average monthly income *from all sources* that the debtor receives ... without regard to whether such income is taxable income," with three specific exclusions, none of which are relevant here. 11 U.S.C. § 101(10A) (emphasis supplied). The term "income" itself, however, is not defined in the Bankruptcy Code.

■■■ The Court's analysis "begins where all such inquiries must begin: with the language of the statute itself. ... [W]here ... the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)) (additional citations omitted). Here, the language of § 101(10A), including in current monthly income "income received from all sources," is plain. Quite simply, the term "all" *means* "all." *See, e.g., In re Terzo*, 502 B.R. 553, 558 (Bankr. N.D. Ill. 2013) (holding that pensions are included in the definition of "current monthly income" because it "is specifically defined as income received from all sources") (internal citation omitted); *In re Briggs*, 440 B.R. 490, 495–96 (Bankr. N.D. Ohio 2010) ("All can only be taken to mean all, exempt income or not."). And nothing in § 1325(b) further limits the sources of income to be included in a Chapter 13 debtor's disposable income calculation. *See Freeman v. Schulman (In re Freeman)*, 86 F.3d 478, 479 (6th Cir. 1996) ("The plain language of the statute makes no express or implied reference to the exempt status of income ....."). The only qualification on the definition of "disposable income" is whether the income is "needed for the debtor's (or his dependents') maintenance or support." *In re Andrade*, 2011 WL 1559241, *2 (Bankr. D.R.I. March 16, 2011) (quoting *In re Launza*, 337 B.R. 286, 290 (Bankr. N.D. Tex. 2005)); *see also Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1289 (8th Cir. 1997) ("Chapter 13 contains no language suggesting that exempt post-petition revenues are not Chapter 13 'income,' and § 1325(b)(2) expressly defines 'disposable income' to mean income not needed for debtor's support."). Accordingly, under the plain language of the applicable statutory definitions, the Pension Payments are not excluded from the Debtor's disposable income and CMI calculation.

■■■ In addition, the Code explicitly excludes three types of income from being considered "current monthly income": Social Security benefits, payments to victims of war crimes, and payments to victims of terrorism. 11 U.S.C. § 101(10A). "The general rule of statutory construction is that the enumeration of specific exclusions from the operation of a statute is an indication that the statute should apply to all cases not specifically excluded," *Blausey v. U.S. Trustee*, 552 F.3d 1124, 1133 (9th Cir. 2009). The very specific and limiting language of § 101(10A) precludes this

**4**

Court from stretching the plain language of the statute to create, in essence, a judicial carve-out with regard to pension income. *See In re Charron*, 2016 WL 3003144, *2 (Bankr. E.D. Mich., May 13, 2016); *Briggs*, 440 B.R. at 495-96, "Some might see the result of this Court's ruling as being somehow inequitable or unfair to recipients of such pensions, as compared to Social Security benefits," but "equating them for purposes involved in this case is a matter for Congress and not this Court." *Charron*, 2016 WL 3003144 at *3; *see also In re Moose*, 2012 WL 954713, *2 (Bankr. M.D.N.C. Mar. 20, 2012). In addition, contrary to the Debtor's assertion, "including [this] income ... does not make the [exempt Pension] 'liable' for payment of prepetition claims. ... [D]ebtors have an option for choosing a repayment plan or liquidation, and the disposable income test is simply the 'terms upon which Congress has made the benefits of Chapter 13 available.'" *In re Springer*, 338 B.R. 515, 520 (Bankr. N.D. Ga. 2005) (citing *Koch*, 109 F.3d at 1289).

■ Finally, the Court notes that it does not write on a blank slate. While there was a small split among courts prior to 2005 as to whether exempt or excluded property must be included in a Chapter 13 debtor's disposable income calculation,[2] since the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, there has been no debate: the disposable income/CMI calculation includes all current monthly income, which includes many forms of exempt or excluded assets. *See In re Brah*, 562 B.R. 922, 924 (Bankr. E.D. Wise. 2017) (collecting cases). Accordingly, the Court will sustain

the Trustee's objection to confirmation of the Debtor's Chapter 13 Plan.[3]

## III. CONCLUSION

For all the foregoing reasons, the Court will SUSTAIN the Trustee's objection and will order the Debtor to file an amended Chapter 13 plan, amended schedules I and J, and an amended CMI calculation consistent with this Memorandum within 30 days. An order will issue forthwith.

Debtor's disposable income/CMI calculation, the Court need not decide whether Plan is also objectionable on grounds that the Debtor proposed the Plan in bad faith.

---

**2.** *See, e.g., In re Ferretti*, 203 B.R. 796 (Bankr. S.D. Fla. 1996); *In re Baker*, 194 B.R. 881 (Bankr. S.D. Ca. 1996); *In re Tomasso*, 98 B.R. 513 (Bankr. S.D. Ca. 1989).

**3.** In light of the Court's decision regarding the inclusion of the Pension Payments in the