ORLANDO L. GARCIA, CHIEF UNITED STATES DISTRICT JUDGE
Appellants in this bankruptcy appeal seek review of three orders entered by the bankruptcy court. First, on July 18, 2017, the Bankruptcy Court entered a Memorandum Opinion and Order sustaining the Chapter 13 Trustee's objections to confirmation of Appellants' proposed Chapter 13 plan, and instructing Appellants to submit an amended Chapter 13 plan within 14 days. Docket no. 9 at 14. Second, on August 1, 2017, the Bankruptcy Court entered an Order Denying Confirmation of the Plan. Docket no. 9 at 15. Finally, on August 4, 2017, the Bankruptcy Court entered an Order dismissing the Chapter 13 case after Appellants did not file an amended Chapter 13 plan proposal. Docket no. 9 at 15.
Appellants filed their notice of appeal as to all three orders on August 18, 2017. Docket no. 9 at 15. Appellee filed a Motion to Dismiss Appeal (docket no. 2), which argues that this Court lacks jurisdiction to review the Bankruptcy Court's July 18 and August 1 orders since Appellants did not notice their appeal within 14 days of the entry of those orders. Docket no. 2 at 3 (citing Fed. R. Bankr. P. 8002(a)(1) ). The Court finds that the motion to dismiss should be DENIED and that the Bankruptcy Court's Orders should be AFFIRMED.
Background
Appellants, a husband and wife, filed a joint Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on April 4, 2017. On the same date, they filed a list of their assets, which included an asset described as "Total Safety worker's compensation filed in 2014 - pending[.]" The value of this entry was listed as "Unknown." Docket no. 9 at 10. Their Schedule C also listed the lawsuit with a value of "Unknown," and Appellants entered "$0.00" as the amount of the exemption they were claiming under 11 U.S.C. § 522(d)(5). Docket no. 9 at 10-11. Appellee, the Chapter 13 Trustee, objected to confirmation of Appellant's plan on May 30, 2017. Docket no. 10 at 9. On June 19, 2017, Appellants filed an Amended A/B Schedule and an Amended Schedule C, reflecting that the worker's compensation lawsuit had settled for $22,500, yielding a recovery of $8,632.85 (the settlement funds) after the payment of litigation costs. Docket no. 11 at 11-12. Appellants filed an Amended Chapter 13 Plan on June 19, 2017, which did not provide for payment of *323 the settlement funds into the Plan, and subsequently filed a motion seeking the Bankruptcy Court's approval of the settlement and the distribution of the settlement funds to the debtor as exempt and not property of the bankruptcy estate. Docket no. 9 at 14. On July 18, 2017, the Bankruptcy Court issued a Memorandum Opinion and Order which granted Appellee's objection to confirmation of Appellants' plan, finding that the settlement funds were "disposable income" within the meaning of 11 U.S.C. § 1325(b)(2) and therefore were required to be applied to make payments to Appellants' unsecured creditors under 11 U.S.C. § 1325(b)(1)(B). Docket nos. 9 at 14; 10 at 11. That determination forms the basis for the parties' arguments on appeal. The Bankruptcy Court granted Appellants fourteen days to propose a new plan, and denied confirmation of the plan and dismissed the case when Appellants did not do so. Docket nos. 9 at 15; 10 at 11.
Jurisdiction and Standard of Review
This Court has jurisdiction to hear appeals from final judgments, orders and decrees entered in proceedings before the United States Bankruptcy Court for the Western District of Texas. 28 U.S.C. § 158(a). On direct appeal of an order of the bankruptcy court to the district court, findings of fact are reviewed for clear error, conclusions of law are reviewed de novo , and missed questions of law and fact are reviewed de novo. Drive Fin. Services, LP v. Jordan , 521 F.3d 343, 346 (5th Cir. 2008) ; In re Bass , 171 F.3d 1016, 1021 (5th Cir. 1999).
The Motion to Dismiss Appeal (docket no. 2)
United States District Courts have jurisdiction to hear appeals from final judgments, orders, and decrees issued by United States Bankruptcy Courts, as well as from interlocutory orders and decrees issued under 11 U.S.C. § 1121(d) and other interlocutory order and decrees "with leave of the court[.]" 28 U.S.C. § 158(a), (c)(2). Appeals pursuant to this section are subject to the time limits established by Rule 8002 of the Federal Rules of Bankruptcy Procedure, which, pertinent to this case, require that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The parties do not dispute that Appellants' appeal was noticed within 14 days of the August 4 Order Dismissing Case, but Appellee argues that, because Appellants' notice of appeal was filed more than 14 days after the Bankruptcy Court's July 18 Memorandum Opinion and Order and August 1 Order Denying Confirmation of the Plan, the appeal is untimely under Rule 8002(a)(1). Docket no. 2 at ¶¶ 12-13. The parties appear to be in agreement that the orders of July 18 and August 1 were interlocutory rather than final, and Appellee further argues that, since Appellants did not notice their appeal within 14 days of the interlocutory orders which they seek to have reviewed, and did not seek leave of the Bankruptcy Court to appeal these interlocutory orders under 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004(a), this Court lacks jurisdiction to consider their appeals. Docket no. 2 at ¶ 16 (citing In re Berman-Smith , 737 F.3d 997, 1000 (5th Cir. 2013) ).
In response, Appellants correctly note that "[a]n interlocutory appeal is permissive, not mandatory" and that "[a] party does not forfeit its right to appeal a final judgment for failure to appeal interlocutorily." Docket no. 3 at ¶ 7 (citing In re Chicken Antitrust Litig. Am. Poultry , 669 F.2d 228, 236 (5th Cir. 1982) and Matherne v. Wilson , 851 F.2d 752, 756 (5th Cir. 1988) ). The Supreme Court has noted that the policy against piecemeal appeals that *324 applies in most federal cases, which allows appeals of right only from final decisions, applies differently in bankruptcy proceedings, in which the rules authorize appeals of right not only from final judgments, but also from orders and decrees "if they finally dispose of discrete disputes within the larger case." Bullard v. Blue Hills Bank , --- U.S. ----, 135 S.Ct. 1686, 1692, 191 L.Ed.2d 621 (2015). However, the Court in Bullard also made clear-as the parties in this case do not appear to dispute-that an order denying confirmation of a Chapter 13 plan is interlocutory, not a final appealable order or decree within the meaning of 28 U.S.C. § 158(a)(1). Bullard , 135 S.Ct. at 1692. Faced with these interlocutory orders, Appellants had the opinion of seeking leave of court to undertake an interlocutory appeal-but nothing in 28 U.S.C. § 158(a)(3) or Fed. R. Bankr. P. 8004 required that they do so. And, when a party elects not to seek leave to appeal an interlocutory order, that order "merges in the final judgment and may be challenged in an appeal from that judgment." Baldwin v. Redwood City , 540 F.2d 1360, 1364 (9th Cir. 1976) ; In re O & S Trucking, Inc. , 529 B.R. 711, 716 (8th Cir. BAP 2015), aff'd , 811 F.3d 1020 (8th Cir. 2016).
The Court therefore concludes that Appellee's Motion to Dismiss Appeal (docket no. 2) should be DENIED.
Statutory Framework
In both Chapter 7 and Chapter 13 cases, the Bankruptcy Code permits debtors to exempt certain property from the bankruptcy estate. 11 U.S.C. §§ 541, 522(b). The debtor may choose between the exemptions set forth in the Bankruptcy Code or those set forth in state law, and the debtor must detail the exemptions claimed pursuant to 11 U.S.C. § 522(1) using a Schedule C. 11 U.S.C. § 522(b), (1). If a claimed exemption is not timely objected to, even if the claimed exemption is improper, the exemption is conclusively established. Fed. R. Bankr. P. 4003(b)(1) ; Taylor v. Freeland & Kronz , 503 U.S. 638, 642-43, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (discussing 11 U.S.C. § 522(1) ). Subject to certain exceptions that the parties agree do not apply, "property exempted ... is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case[.]" 11 U.S.C. § 522(c) ; see also Taylor v. Freeland & Kronz , 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (the effect of an exemption under Section 522 is to "allow[ ] the debtor to prevent the distribution of ... property" to the bankruptcy estate). The scope of the property distributed to the bankruptcy estate if not exempted is broad, encompassing all property set forth in 11 U.S.C. § 541(a), "wherever located and by whomever held[,]" including, inter alia , "all legal or equitable interests of the debtor in property as of the commencement of the case" and "[a]ny interest in property that the estate acquires after the commencement of the case."
In order to be confirmed, a Chapter 13 plan must satisfy several requirements set forth in 11 U.S.C. § 1325(a) and (b). In re Stretcher , 466 B.R. 891, 893 (Bankr. W.D. Tex. 2011). The proposed plan must satisfy the "Best Interest of the Creditors" test set forth at 11 U.S.C. § 1325(a)(4), under which the bankruptcy court must determine that:
the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.
In the event of an objection to plan confirmation, the bankruptcy court must also *325 determine that the proposed plan satisfies the "best efforts" test set forth in 11 U.S.C. § 1325(b)(1) -that, pertinent to this case, "the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan." If confirmation of a proposed Chapter 13 plan is denied pursuant to Section 1325, the Bankruptcy Court may convert the case to a Chapter 7 proceeding or dismiss. 11 U.S.C. § 1307(c)(5).
The central dispute between the parties in this appeal appears to be whether property that has been exempted from distribution to the bankruptcy estate under 11 U.S.C. § 522 may nonetheless be included in the "projected disposable income" that must, as a condition of confirmation of a proposed Chapter 13 plan, be paid to the debtors' unsecured creditors under the "best efforts" test set forth in 11 U.S.C. § 1325(b)(1).
Analysis
The parties in this appeal-as before the bankruptcy court-do not appear to dispute the applicability of the Section 522 exemption to the settlement funds. In their appeal briefs, the parties do present arguments regarding whether the exemption was conclusively established by Appellee's failure to object to the claimed exemption within the 30 day period set forth in Fed. R. Bankr. P. 4003(b). Docket nos. 9 at 21-22, 24; 10 at 15-16. Appellee's objections were filed on May 30, 2017-less than 30 days after the conclusion of the Chapter 13 meeting of the creditors pursuant to 11 U.S.C. § 341(a). Docket no. 4-2 at 86-87. However, those objections went not to the applicability of the Section 522 exemption to the settlement funds, but to whether "the Debtors' Plan meets the Best Interests of Creditors Test set forth in Bankruptcy Code Section 1325(a)(4)" for reasons not apparently related to the treatment of the settlement funds. Docket no. 4-2 at 86. During the confirmation hearing, Appellee took the position that the exemption of the settlement funds claimed in Appellant's Schedule C was "all well and good" and "resolve[d] the best interest of creditors test" but "doesn't resolve ... the best efforts test"-arguments that the bankruptcy court construed as supplements to her written objections timely raised at the hearing, which took place three days after Appellants' submitted their amended plan. Docket nos. 4-2 at 154-55 & n.4; 4-3 at 7. The Bankruptcy Court, in its Memorandum Opinion and Order, noted that "no objection has been filed to the claim of exemption and none is expected." Docket no. 4-2 at 155. The Court finds that, to the extent it is disputed on appeal, Appellee at no point objected to the claimed exemption of the settlement funds, and that those funds were therefore correctly treated by the Bankruptcy Court as exempt under Section 522.
The Court now turns to the central issue raised in this appeal: Whether, because of the exempt status of the settlement funds or for some other reason, the Bankruptcy Court erred by requiring as a condition of confirmation of Appellants' proposed Chapter 13 plan that the funds be paid to Appellants' unsecured creditors as "disposable income" pursuant to 11 U.S.C. § 1325(b)(1). As to the exemption issue, the Bankruptcy Court relied upon the holdings of the majority of courts that have considered the question, which have found that "exempt property must be included in the disposable income analysis." Docket no. 4-2 at 156; In re Launza , 337 B.R. 286, 289 (Bankr. N.D. Tex. 2005) (collecting cases from the Eighth Circuit, Sixth Circuit, and Ninth Circuit B.A.P.).
*326 Appellants argue that 2005 changes to the Bankruptcy Code's definition of "disposable income" have abrogated the "majority view" described in In re Launza , 337 B.R. at 289. Docket nos. 4-2 at 156-57; 9 at 30-34 (discussing the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub. L. 109-8, 119 Stat. 23 ). The Court does not agree, and finds that the orders of the Bankruptcy Court should be affirmed.
Both before and after BAPCPA, the plain language of Section 1325(b)"makes no express or implied reference to the exempt status of income" and "does not classify income by reference to its exempt status." In re Freeman , 86 F.3d 478, 480 (6th Cir. 1996) ; In re Andrade , BR 10-10444, 2011 WL 1559241, at *2 (Bankr. D.R.I. Mar. 16, 2011) ; In re Matos , 478 B.R. 506, 515 n.11 (1st Cir. BAP 2012) (collecting cases). Indeed, some courts have reasoned that, with BAPCPA's amendment to Section 1325's definition of disposable income, "the split of authority over whether or not exempt assets are to be included in the calculation of disposable income has been statutorily answered by Congress"; that "since current monthly income does not exclude exempt assets and it is the starting point for calculating disposable income, disposable income includes exempt assets." In re Brah , 562 B.R. 922, 924 (Bankr. E.D. Wis. 2017) (quoting In re Waters , 384 B.R. 432, 436 (Bankr. N.D.W. Va. 2008) ); see also In re Royal , 397 B.R. 88, 101 (Bankr. N.D. Ill. 2008) ("Although both the disposable income definition and the current monthly income definition exclude certain items, exempt income is not excluded."); In re Sjogren , 570 B.R. 1, 3 (Bankr. D. Mass. 2017).
This reading of Section 1325(b) does not conflict with Section 522(c)'s directive that exempt property "is not liable" for any prepetition debt for the reasons stated in In re Koch , 109 F.3d 1285, 1289 (8th Cir. 1997). As that court explained, Chapter 13 relief is at the option of the debtor, and the limit placed on disposable income in Section 1325(b) does not render property that is exempt under Section 522(c) liable for prepetition debts, but rather "defines the terms upon which Congress has made the benefits of Chapter 13 available." In re Koch , 109 F.3d at 1289. The Court therefore finds that the Bankruptcy Court did not err in concluding that the exempt status of the settlement funds pursuant to 11 U.S.C. § 522 did not exclude those funds from the calculation of disposable income under 11 U.S.C. § 1325(b).
Appellants next argue that, even aside from its Section 522 arguments, the settlement funds are not "income" under the post-BAPCPA Bankruptcy Code, and therefore are not required by Section 1325(b) to be applied to payments to unsecured creditors. BAPCPA added to the determination of "amounts reasonably necessary to be expended" a means test that is applied by comparing the debtors' "current monthly income" as defined at 11 U.S.C. § 101(10A) to their state's "median family income," a term defined at 11 U.S.C. § 101(39A). Appellants argue that, because the statutory definition of "median family income" incorporates calculations reported by the Bureau of the Census, 11 U.S.C. § 101(39A), Congress must have intended income to be defined for purposes of Section 1325 subject to the same exclusions used by the Census Bureau in when it calculates median family income. Docket no. 9 at 30-38. Appellants further argue that adopting the Census Bureau's source-of-income approach is preferable because it avoids the anomalous result that pre-petition assets-the value of which Section 1324(a)(4) would not require the debtor to apply to unsecured claims-would, if sold, be considered income under *327 Section 1325(b) which the debtor would be required to apply to unsecured claims.
The Court is not persuaded by these arguments. BAPCPA's statutory definition of "current monthly income" makes no mention of the categories excluded from income by the Census Bureau, but includes the average monthly income "from all sources that the debtor receives ... without regard to whether such income is taxable income[.]" 11 U.S.C. § 101(10A). Where a statute's language is plain, "the sole function of the courts is to enforce it according to its terms." United States v. Ron Pair Enterprises, Inc. , 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). In the case of the BAPCPA definition of current monthly income, the statutory language is plain: "Quite simply, the term 'all' means 'all.' "; In re Sjogren , 570 B.R. at 3 (collecting cases). This is true regardless of the difficulties that may arise in some cases in distinguishing between assets and income derived from the sale of those assets.
Conclusion and Order
The Court finds that Appellants' notice of appeal was timely filed and this Court has appellate jurisdiction as to the issues decided in the Orders of the Bankruptcy Court dated July 18, 2017, August 1, 2017, and August 4, 2017. It is therefore ORDERED that Appellee's Motion to Dismiss Appeal (docket no. 2) is DENIED.
The Court finds that the Bankruptcy Court did not err in denying plan confirmation pursuant to 11 U.S.C. § 1325(b)(2), and did not err in dismissing the case pursuant to 11 U.S.C. § 1307(c)(5). It is therefore ORDERED that the Orders of the Bankruptcy Court dated July 18, 2017, August 1, 2017, and August 4, 2017, are AFFIRMED.
The Clerk of the Court shall enter judgment in favor of Appellee and close this case upon entry of this Memorandum Opinion and Order.